## STANBERRY v. CATTELL.

1. **Partnership**: RECOVERY BY ONE PARTNER AGAINST ANOTHER: EVIDENCE. One partner cannot recover from the estate of his deceased partner on account of partnership property held by the latter, without showing that the business of the partnership is closed, its debts paid and its accounts settled.

*Appeal from Polk Circuit Court.*

THURSDAY, APRIL 7.

PLAINTIFF presented to the Circuit Court, sitting as a court of probate, a claim against the estate of the defendant as administrator. The case was sent to a referee, and upon his report coming in judgment was rendered for defendant. Plaintiff appeals.

*Seward Smith* and *R. N. Baylies*, for appellant.

*Nourse, Kauffman & Jackson*, for appellee.

BECK, J.—I. The plaintiff alleges in his claim, presented to the probate court for allowance, that he and defendant's intestate were partners in the manufacture and sale of brick; that in payment for a large quantity of brick the firm received certain city lots which, with the assent of plaintiff, were conveyed to the

*1. PARTNERSHIP: recovery by one partner against another: evidence.*

decedent, who held the land in trust for the copartnership, and that afterwards intestate conveyed a part of the lots and received therefor $1,250, one half of which sum, with interest, plaintiff now claims to recover. It is further alleged decedent conveyed other lots for $300, of which plaintiff was, at the time, the equitable owner. Plaintiff seeks to recover this $300, and interest. It is also alleged that the parties, being partners, sold certain stone, and decedent received $1,284 therefor; of this sum it is averred that plaintiff is entitled to recover $557, being one half of the net balance after the credits of the respective parties are deducted.

The defendant denies generally the allegations of the claim, and as to that part of it based upon the sale of lands just referred to sets up the statute of limitations.

II. The testimony taken before the referee established the purchase of the lands by the firm and their conveyance to decedent and the sale of certain parts, and the receipt by him of the consideration therefor, as alleged in plaintiff's claim. There is evidence showing the declarations and admissions of decedent to the effect that the lots sold for $300 had been set apart for plaintiff, decedent holding the title. The proof established the sale of the stone by the firm and the receipt of the money by decedent. There was no other evidence submitted to the referee. The defendant moved the referee to dismiss the case upon the ground that plaintiff's evidence did not support his claim. This motion the referee sustained, and so reported to the court, with a finding that the evidence adduced by plaintiff fails to support his claim, and a recommendation that the case be dismissed. The court confirmed the report of the referee and rendered judgment accordingly at plaintiff's costs. No objection is raised by defendant to the action of the referee upon the motion, the contention being confined to the sufficiency of the evidence to entitle plaintiff to recover.

III. The evidence establishes that the several items claimed in the petition are for money received by decedent

in partnership transactions, and for property belonging to the firm sold by decedent. There can no doubt arise as to the correctness of this proposition, so far as transactions in regard to the stone and the lots sold for $1,250 are concerned. There may be some question whether the other transaction, the sale of a lot for $300, was a firm matter. We think it must so be regarded. The property had been acquired by the firm and was held by decedent in trust for the firm. The evidence of his admissions as above stated is not sufficient to establish that the title to the property had been acquired by plaintiff.

Plaintiff is entitled to recover from his copartner only the value of the assets which remain after the payment of all the partnership debts and settlement of all accounts of the firm. He cannot recover a share of the value of specific property held or appropriated by his copartner. His right to recover from his partner, in any form of action, only arises after settlement of all partnership business. These rules are elementary and familiar, and do not demand the citation of authorities in their support. We need not inquire here whether a settlement between the partners is necessary in order to give one a right of action against the other. Nor need we consider the form of action or the forum in which the partner is required to pursue his remedy, as the case must be determined upon the insufficiency of evidence to bring it within the rules just announced. As the evidence fails to show that the partnership business is closed, its debts paid and its accounts settled, plaintiff has not established a right to recover in this action. The decision of the Circuit Court must be

AFFIRMED.