B. A. DOLAN, Appellant, v. E. W. McMANUS, Administrator, Appellee.

No. 40238.

MARCH 11, 1930.

*Otto Herminghausen, A. T. Brockschmidt,* and *B. A. Dolan,* for appellant.

*E. W. McManus,* for appellee.

Morling, C. J.—The case appears to have been finally submitted upon one count only of the claim, which alleges that claimant and deceased were equal partners in the practice of law from January 1, 1920, to January 1, 1923; that during that period Hughes "fraudulently and wrongfully collected and appropriated to his own use and failed to account for" large sums paid to him by the various companies named, "for legal services rendered" to them by the firm of Hughes & Dolan, one half of which, it is alleged, belongs to claimant. There were various amendments to the claim. Defendant filed demurrer, answers, and counterclaims. Shortly before the trial, claimant filed an amended and substituted petition, to which the administrator demurred on the ground, among others, that the matters set out by claimant arose out of a partnership relation, and claimant could not recover in this form of action. The demurrer was sustained, and thereupon claimant amended, by alleging that, on January 1, 1923, "said partnership was dissolved and settled by mutual consent." This allegation seems to have remained in the claimant's pleadings throughout the trial. Claimant assigns ten errors. He argues:

"The following are ultimate facts established by the evidence:

"1. That claimant and Hughes were equal partners.

"2. That there was never any settlement or dissolution of the partnership, which began January 1, 1920, and ended January 1, 1923.

"3. That Hughes collected and appropriated to his own use, and never accounted for same, the sum of $6,583.70, paid him for services rendered by the firm."

As to the first of these contentions, the evidence is very indefinite. The second is in direct contradiction of the claimant's own allegation that "said partnership was dissolved and

 settled by mutual consent." If claimant and decedent were partners, claimant could recover only his share of the assets remaining after a settlement of all the accounts and payment of all the debts of the firm. He could not, without such settlement, recover for specific items of property appropriated by decedent. *Stanberry v. Cattell*, 55 Iowa 617. Claimant did, during the progress of the trial, move to transfer the claim to the equity side of the docket, to be heard as an equity case, and moved "for time in which to reframe and file pleadings and change it to an equitable action." The court properly observed:

"We will have to have an end to these pleadings sometime. * * * I am not disposed to shift the issues quite so much. As counsel took their position yesterday, I think it is perhaps only fair that they should adhere to it, after the case had proceeded with the examination of witness, than to take up something that is entirely different. * * * I will not permit the refiling at this time, after it has been reopened and withdrawn. We will proceed along the lines as originally planned."

The claimant had deliberately taken his stand upon his allegation that the partnership "was dissolved and settled by mutual consent," for the very purpose of obviating the ruling  sustaining demurrer to his claim. The refusal in the midst of the trial to permit claimant to entirely change the subject-matter and issue, notwithstanding that the administrator expressed a willingness to meet the claimant on his proposed amendments, was a proper exercise of the court's discretion.

We have not discovered any competent evidence received or offered that the moneys which claimant alleges to have been collected by decedent were on debts due the firm or for services rendered, the compensation for which was partnership property. We find no competent evidence offered or received that decedent did collect fees to any part of which claimant was entitled, or that decedent appropriated to his own use any fees which in whole or in part belonged to the claimant. On the claimant's own allegation, the partnership was settled. We

find no competent evidence offered or received that the settlement did not include all matters for which decedent was under duty to account to claimant. On the record, claimant seems to have been given relief to which the evidence now before us does not show him entitled, but the administrator has not appealed, and claimant has no cause to complain. Other errors assigned need not be considered.—*Affirmed.*

EVANS, FAVILLE, KINDIG, and GRIMM, JJ., concur.