GORDON R. LUNT et al., Plaintiffs, Appellees, v. ELBA LUNT VAN GORDEN et al., Defendants, Appellants, WANDA LUNT et al., Defendants, not appearing.

No. 44094.

OCTOBER 26, 1937.

Cole R. Van Gorden, Jr., W. H. Keating, and Stipp, Perry, Bannister & Starzinger, for appellants.

McCoy & McCoy, for appellees.

SAGER, J.—From the record it appears that one Henry W. Lunt, owner of certain real estate, executed a trust deed. This instrument, which bears date of January 3, 1910, was signed not only by the trustor but by the trustees and the several children of the said Henry W. Lunt. The question as to whether partition could rightly be ordered in the case before us depends upon a proper construction of this instrument. In argument the parties discuss the effect of certain phraseology

and advance the doctrine of perpetuities as bearing upon the right solution of the case. In the disposal we make of this case it is not necessary to consider this further than as affording a basis for what follows.

In addition to setting up the trust deed the pleader undertakes to put upon its various provisions certain interpretations in the nature of conclusions or deductions. Of these there are a considerable number which are the subject of the motion to strike. These are so numerous and lengthy that no attempt will be made to set them all out. Those which appear herein will give a fair idea of the general nature of the allegations assailed.

For instance, it is alleged that the trustees under this instrument took title "until the consideration therein named had been fully complied with on the part of the said children named therein, in which event the said Trustees were to partition said lands among said children named therein." It is to be noted that this quotation is not from the instrument but from the allegations of plaintiffs' petition to construe it. Again it is alleged in the petition: "That it was the intention of the parties executing the designated Trustees' Deed that the Trust therein established should fully terminate upon the death of the said Henry W. Lunt and after a full compliance of the consideration therein named." Again, "the trust having been fully executed and the purposes for which it was created having ceased to exist and its further execution become impossible, and by the oral consent of the children of deceased therein named and of the Trustees, the trust fully terminated."

One more quotation we deem sufficient. After setting forth that part of the trustees' deed which provides: "This trust shall fully terminate at the death of the last surviving child of my children named herein, but shall continue during the period of my natural life and shall terminate thereafter at any time by the mutual consent of the survivors of my children named in this Trust Deed, including my Trustees who shall be living at the time of my death, or by the consent of all of my children including said Trustees," the motion to strike alleges in part: "That said provision is of no force or effect and void for the reason that it was not the intent of the parties to extend the trust beyond the lifetime of the said Henry W. Lunt and for the purpose therein named, namely [here setting forth plaintiffs' construction of what the trust deed meant] * * *. That

6

said provision is void and of no force and effect as said provision is so ambiguous, conflicting and confusing, the same is incapable of interpretation or administration and is contrary to the intent of the parties to the said Trustees' Deed as therein expressed.''

Much more to the same tenor might be set out but this is sufficient.

The motion to strike is long and no good purpose would be subserved by setting it out in full. Its tenor and purport is that allegations of the type and character set forth, as applied to this petition and this trust deed, tend ''to vary and alter the terms of a written instrument and is in conflict therewith''; that the intention of Henry W. Lunt, deceased, ''must be gathered from the Trust Deed''; that the trust deed ''is the exclusive evidence of its own contents and of the time of the termination of said trust''; that it ''is for the Court to interpret (the trust deed), and the same is capable of interpretation to carry out the intent and meaning of said agreement as expressed therein.''

Other allegations of the motion assert the proposition that proof tending to support the construction placed upon the trust deed by plaintiffs' petition would tend to alter and vary the terms of a written instrument, and that testimony to sustain such allegations would be incompetent on that ground.

The court, on hearing said motion, overruled the motion to strike and this appeal results.

The argument of the parties is necessarily directed to the question whether the ruling on this motion was appealable or not. The basis for this appeal, if it has any, must be found in section 12823 of the Code of 1935, and the construction we have heretofore placed upon the applicable portions thereof. It has been our uniform holding under this provision that, if the ruling upon a motion does not involve the merits or materially affect the final decision, then the ruling is not appealable. The propriety of such a construction is readily apparent when we consider the purpose of the statute, and the part which this court plays in the determination of causes appealed to it. As we said in Des Moines v. City Ry. Co., 135 Iowa 694, at page 717, 109 N. W. 867, 876:

''It is certainly not the policy of the law to permit either

party to a controversy to prolong litigation and embarrass the course of justice by prosecuting an appeal from every interlocutory ruling of the trial court. Bank v. Dutcher, 128 Iowa 413, 425, 104 N. W. 497, 1 L. R. A. (N. S.) 142. Ordinarily, every substantial right of the parties can be effectually protected by preserving a proper record, and presenting the questions thus saved upon appeal from final judgment.''

This quotation is not to be regarded as implying that this appeal has been taken for purposes of delay. It is merely given as a concise expression of our views on this subject. With the statute and our decisions, which might be cited if necessary, as guideposts, we find little difficulty in holding that this appeal should be dismissed. If the appeal should be sustained and the trial court reversed, we would have the case, so far as its final determination on its merits is concerned, precisely where it is now. The question whether appellees are entitled to a partition will and does depend upon a proper construction of the trust deed, with the help of oral testimony if any competent and material evidence of that kind is produced; and the refusal of the trial court to strike the allegations which appellants assail by their motion cannot even remotely, as we see it, affect the result. The briefs of the attorneys show much learning and industry in presenting their views, and the fact that we have not cited and analyzed them should not be construed as meaning that they have not been examined by us. They are omitted because their citation seems to be unnecessary to sustain the views we here express. It is not to be understood that we are holding that a case might not arise where the ruling on a motion to strike would be appealable. We merely hold that this case is not one of that character.

It follows that appellees' motion to dismiss should be and it is sustained.—Appeal dismissed.

HAMILTON, C. J., and ANDERSON, MITCHELL, PARSONS, KINTZINGER, and DONEGAN, JJ., concur.