### F. NEUVAL v. HENRY COWELL.

CONTRACT REFERRED TO IN ANOTHER CONTRACT—EVIDENCE OF.—If, in a contract between the plaintiff and the defendant, upon which an action is brought, reference is made to another contract as containing the plan by which and prices for which the work sued for is to be done, the other contract is admissible in evidence for purposes of description, whether or not it was legally executed, or its execution proved.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The contract sued on was in reference to grading a street in San Francisco. For a reference to the laws in this city which apply to grading streets, see *Emery* v. *San Francisco Gas Co.*, 28 Cal. 345; *Cochran* v. *Collins*, 29 Cal. 129; *Thompson* v. *Hoge*, 30 Cal. 179; *Taylor* v. *Palmer*, 31 Cal. 240; *Miles* v. *McDermott*, 31 Cal. 271; and *Taylor* v. *Downer*, 31 Cal. 480.

The plaintiff recovered judgment in the Court below, and appealed from the order granting a new trial.

The other facts are stated in the opinion of the Court.

*George W. Tyler,* for Appellant.

*Campbell, Fox & Campbell,* for Respondent.

By the Court, SAWYER, C. J.:

This is an appeal from an order granting a new trial, on a private contract to do street work in front of defendant's lot. A contract had been awarded to B. Bonnet, but a writing purporting to be signed by the major part of the property owners, electing to take the contract themselves, having been presented within the prescribed time, the Superintendent gave the contract to said parties, and a contract was prepared and executed by him, and it purports to have been executed in one form or another by the said parties themselves, in person or by their agents. The defendant was one of the parties, and he signed both the instrument electing to take the contract at Bonnet's bid, and the contract. *But these instruments are not the contract sued on.* They served as a means of preventing the contract from going to Bonnet, and, whether rightfully or not, accomplished that object. The contract sued on is a private contract, by which Menant & Co. agreed to do the work in front of defendant's lot in accordance with the order of the Board of Supervisors and the law, and in accordance with the specifications in the contract awarded to Bonnet, or as stated in another place, with the . contract, which purported to have been made with the property holders—which amounts to the same thing—and to the satisfaction of the Superintendent of Streets. And the price was to be the same as the contract price—that is to say, the price at which the contract was awarded, and at which the property holders purported to contract for the

work, less fifty dollars. The fifty dollars abatement was in consideration of *Cowell signing the writing electing to take the contract.* This contract was performed, and it was for the price that the present action is brought. There is no conflict in the testimony. There was no testimony except the plaintiff's, and it was all one way. The Court granted a new trial, on the ground that it had improperly admitted in evidence the instrument purporting to be the election of the property holders to take the contract thereunder, and to authorize Menant & Co., as the agents of the property holders, to enter into a contract on *their* behalf, with the street contractor to do the work, on the ground that the signatures, except that of defendant, were not proved. The Court was of opinion that unless this contract is a valid one, the plaintiff could not recover, and that it could not be valid unless Menant & Co. had authority to make it, and that the signatures therefore must be proved. *But this,* as we have shown, *is not the contract sued on.* It is wholly a collateral matter. It is only referred to in the agreement sued on, for the purpose of ascertaining what the work to be done under the contract sued on was; how it was to be done, and the price to be paid for the work to be done by Menant & Co. for plaintiff was to do the same work described in the supposed contract between the street contractor and property holders, and it was to be done according to the specifications therein contained, and for the *price* there specified, less fifty dollars. That instrument contained a specification of what was necessary to be done, and the price, and it was simply referred to in the contract sued on as containing those matters; and for that purpose it did not matter whether it was legally executed or not. The evidence shows that defendant executed the agreement, and so furnished the consideration for the fifty dollars reduction. As the contract sued on referred to the others for the matters to be performed—as .matter of description—they were admissible as a part of that agreement, to show what the contract was, and for any other purpose they were foreign to the case. (*Hicks* v. *Coleman,* 25

Cal. 122.)  The contract sued on, as shown by the evidence, does not covenant for the validity of the other contract, or in any way depend upon it, except as embracing it as a matter of description.  It simply refers to it as an existing document, which was doubtless supposed to be valid.  The work was done under—that is, in pursuance of, or in accordance with—the instrument purporting to be executed by the Superintendent and property holders, and thus that *was* done which was agreed *to be* done, and all that was agreed to be done under the contract sued on.  The contract sued on having been performed by Menant & Co., they were entitled to their money, according to the contract price stated in the other supposed agreement referred to, less fifty dollars. There was no dispute that the instrument introduced in evidence was the one referred to.  The objection was that its execution was not proved.  But for the purposes of description, the identity of the instrument not being disputed, it made no difference whether it was legally executed or not. We, therefore, think the District Court mistaken in its view as to the necessity of showing the authority of Menant & Co. to make the contract.  And it was upon this point that the new trial was expressly granted.  We have examined the plaintiff's statement, and find no other point upon which he would be entitled to a new trial.

Order granting a new trial reversed, the District Court directed to enter judgment on the verdict, and remittitur directed to issue forthwith.