George Parks & Company, Appellee, v. Howard Hotel Realty Company, Appellant.

**EVIDENCE:** Parol as Affecting Writings—Direct Contradiction. A
1 written contract which provides for a commission of 10 per cent on a specified expenditure may not be contradicted by parol evidence to the effect that the parties orally agreed that the commission should be 8 per cent.

**CONTRACTS:** Construction—General Words—Scope. A written contract
2 to act as agent "in the purchase, inspection, erection, and supervision of all labor employed and material purchased in the building of two additional stories upon" an existing building, does not embrace *mechanical equipment to be installed in the structure,*— i. e., installation of elevators. Especially is this true when the parties never mutually treated the contract as embracing such equipment.

**COSTS:** Taxation—Apportionment—Showing on Appeal. The discretion
3 of the trial court in apportioning costs will not be disturbed on appeal, in the absence of some fairly definite showing of the items entering into the total taxation and the responsibility of each party therefor..

Headnote 1:  22 C. J. pp. 1248, 1256.  Headnote 2:  13 C. J. p. 584.
Headnote 3:  4 C. J. pp. 552, 842.

*Appeal from Woodbury District Court.*—A. O. Wakefield, Judge.

April 7, 1925.

Rehearing Denied September 25, 1925.

Suit in equity, to foreclose a mechanics' lien. The answer was a general denial and a counterclaim. There was a decree for the plaintiff, and the defendant appeals. The plaintiff also ap-

peals from certain adverse orders entered against it.—*Affirmed on both appeals.*

*Burgess & Gill,* for appellant.

*Griffin, Griffin & Griffin,* for appellee.

EVANS, J.—The plaintiff entered into a written contract with the defendant, for the construction of two additional stories upon a certain hotel. We have to do on this appeal with the consideration of two paragraphs only, in the contract entered into between the parties. These were as follows:

(1) "Witnesseth, Said contractor agrees to act as the owner's agent in the purchase, inspection, erection and supervision of all labor employed and materials purchased in the building of two additional stories upon and the remodeling of the Howard Hotel at 304-306 Nebraska St., Sioux City, Iowa, all to be done under the direction and subject to the acceptance of Wm. L. Steele, architect, and Paul D. Cook, structural engineer.

(2) "It is further mutually agreed that the contract price of said work shall be the actual cost plus ten per cent (10%), it being mutually agreed between the parties hereto that the actual cost referred to shall be the actual cost to the contractor of all labor, services and material used including liability insurance, on the full pay roll employed on this work, but not including any charges for contractor's own time or for his home office services."

We number these clauses for convenience of reference. The appeal of the defendant is predicated upon Clause No. 2. The appeal of the plaintiff is predicated upon Clause No. 1.

Two questions are presented for our consideration by the defendant as appellant. These are:

(1) Whether oral evidence was admissible to show that the plaintiff was to receive as his commission only 8 per cent, and not 10 per cent, as provided in the written contract.

(2) Whether the court erred in the taxation of costs; the claim for appellant being that, whereas the court taxed one third

to the appellee, it should have taxed a larger portion thereof to such appellee.

Upon' the appeal of the appellee, two questions also are presented:

(1)  Whether the plaintiff was entitled to 10 per cent commission for the cost of installation of elevators in the hotel. The appellee claims such item under the terms of Clause No. 1; whereas the appellant contends, and the court so held, that mechanical equipment, such as elevators, was not within the scope and contemplation of the written contract.

(2)  Whether the court abused its discretion in the taxation of costs, in that, though it taxed two thirds of the cost to the appellant, it should have taxed a larger portion thereof to such appellant.

I.  The defendant introduced evidence to show that the oral understanding and agreement between it and the plaintiff was that the percentage of commission to be paid to the plaintiff was to be 8 per cent, and not 10 per cent, as provided in the written contract. The court ruled that such oral evidence was not admissible to contradict or vary the written contract. The correctness of this holding is the question presented.

1. EVIDENCE: parol as affecting writings: direct contradiction.

The argument for appellant is that this was a collateral oral agreement, and as such, was provable by oral evidence. It contends further that such agreement amounted to a condition attached to the delivery of the contract, and that such condition was provable by oral evidence.

It will be noted that the contract is clear and unambiguous. Oral evidence that the contract was for 8 per cent commission, and not 10 per cent, is clearly contradictory to the essential terms of the written contract. The general rule that an oral collateral agreement contemporaneous with a written agreement may be proved, is quite beside the mark herein. In order to be so provable, the alleged contract must be consistent with the written contract, and must ordinarily relate to matters not covered by the written contract.

To apply the rule as contended for by appellant, would be to put oral evidence upon a parity with the written contract. No written contract could be immune against oral contradiction.

The question has been before us many times, and nothing can be gained by extended argument thereon. *Klemm v. Weil,* 194 Iowa 1073; *Farrell v. Wallace,* 161 Iowa 528; *Miller v. Morine,* 167 Iowa 287; *Blackledge v. Puncture P. R. Co.,* 190 Iowa 1303; *Banwart v. Shullenburg,* 190 Iowa 418; *Jones v. Sargent,* 193 Iowa 1256.

II.  Turning now to the appeal of the appellee, and the first ground of reversal urged by it. Appellant has not favored us with an argument on this branch of the appeal. This ground of reversal urged by appellee is predicated on Clause No. 1, above quoted. It is urged that this clause is definite and unambiguous, and that it covers the subject-matter. We do not so read it. An examination of the record satisfies us, also, that neither party to the contract so construed it, either at the time thereof or during the performance thereof. The contract between these parties had reference to the building of the structure. It had no reference, in terms, to mechanical equipment to be installed therein. The defendant company entered into separate contracts with different persons for the installation of such equipment. The installation of the elevator system was done by the Otis Elevator Company, pursuant to a written contract between it and the defendant, at an agreed cost of over $8,000. The plaintiff's employees had no part in such installation. We think the trial court properly disallowed this item claimed by the plaintiff.

2. CONTRACTS: construction: general words: scope.

III.  On the question of costs in the court below, the trial court apportioned them by taxing one third thereof to the plaintiff and two thirds thereof to the defendant. Both parties complain. The items that entered into the total of taxation of costs are not incorporated into the record here. It is made to appear in a general way that many items claimed by the plaintiff were disallowed. It is also made to appear that many items contested by the defendant were allowed. It appears also that the defendant filed and prosecuted a counterclaim for over $6,000. No part of this was allowed. Just how much particular expense was incurred with each particular item is not made apparent upon the record before us. The apportionment of costs in such

3. COSTS: taxation: apportionment: showing on appeal.

a case makes a large appeal to the fair discretion of the trial court. Nothing is disclosed in the record before us which indicates any abuse of discretion on the part of the court in that regard.

The decree entered below is accordingly affirmed on both appeals.—*Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.