GORDON R. LUNT et al., Appellees, v. ELBA LUNT VAN GORDEN et al., Appellants.

No. 44136.

APRIL 5, 1938.

REHEARING DENIED SEPTEMBER 23, 1938.

W. H. Keating, Cole R. Van Gorden, Jr., and Stipp, Perry, Bannister & Starzinger, for appellants.

McCoy & McCoy, for appellees.

MITCHELL, J.—On the 3d day of January, 1910, Henry W. Lunt, a widower, of Mahaska County, conveyed all of his real estate, consisting of 515 acres of farm land in Mahaska County, Iowa, and ·200 acres in Schuyler County, Missouri, together with the personal property thereon, consisting of livestock, farm tools, equipment, and machinery, by transferring the real estate in trust to Johnson R. Lunt, his son, and Cole R. Van Gorden, his son-in-law, as trustees, and the personal property to his five children. The trust of the real estate was for the benefit of the trustor's children: Johnson R. Lunt, Walter L. Lunt, Willie C. Lunt, Elba Lunt ·Van Gorden, and Mattie Lunt Vernon, now Mattie Lunt Van Gorden. Of the trustees named, Johnson R. Lunt, the trustor's son, was a beneficiary under the will. The trustees were given the right to manage and control the real estate to the end that the same might be properly farmed and cultivated. From time to time the trustees were required to report to the trustor during the trustor's life, and thereafter such reports were to be made to the beneficiaries. Provision was made for the children of any one of the beneficiaries who might thereafter die. During the trustor's lifetime he was to be supported from the proceeds of the trust. The trust moneys were to be invested and reinvested. The trust further provided ''that during the continuation of this trust, should my children, including my said trustees, deem it advisable to sell, transfer, and convey any portion, or all of the' real estate hereinbefore described, my said trustees may do so with the consent of the remainder of my children and myself at any time, but none of said property can be sold without such consent during my lifetime and not afterwards while this trust continues without the consent of the survivors of my said children; but after said consent is given, which may be in writing or otherwise,

deeds and conveyances of every kind and nature made by my said trustees shall have the same force and effect when delivered to purchasers as though said deeds were made by me before the execution of this trust; my said trustees may also when necessary, mortgage any portion, or all of said lands herein conveyed in trust, at such times and on such terms as they may deem advisable, by first obtaining the consent of my other children named in this trust deed, and mine if living.'' Under its terms the trust was to terminate at the death of the trustor's last surviving child. There was a further provision in the trust deed that ''if at the trustor's death any of his children be deceased, then their heirs or the legal representatives of said deceased child or children shall have no voice in determining this trust; but the same can only be determined by my surviving children with the consent of my trustees aforesaid.''

After the execution of the trust, but on the same day, the beneficiaries named in the trust, being the children of the said Henry W. Lunt, by contract among themselves and with the trustees, agreed to articles of copartnership for the purpose of managing the real estate set out in the trust deed. For a period of more than twenty-five years that partnership has continued, although the road that it has traveled has been rough and many were the difficulties that confronted it. Finally in 1936 this action was commenced to dissolve the partnership. There was a trial, at which evidence was offered, and the lower court entered a decree dissolving the partnership. Elba Lunt Van Gorden, Mattie Lunt Van Gorden, and Cole R. Van Gorden, as trustee, being dissatisfied, have appealed to this court.

The partnership agreement was in writing. The business was to be conducted under the name of the Lunt Farm Company. The contract provided that:

''It shall be managed and controlled by the said Johnson R. Lunt and Walter L. Lunt, and by the same shall continue fifty years unless dissolved by mutual agreement. The said parties named herein are to devote, each, his full time * * * to the promotion of the interest of the co-partnership. Books of account are to be kept, accounting for moneys received and moneys expended. At the end of each year an invoice of the assets of the farm business and an accounting shall be had between all parties in relation to said partnership business. That

the 126 acres of land in Sections 31 and 32, Township 76, Range 14, Mahaska County, Iowa, shall be managed and controlled, with the stock, by Willie C. Lunt. That Johnson R. Lunt and Walter L. Lunt were to be permitted to use such income from the partnership property, except from the 126 acres, necessary to provide them and their families a livelihood, and that an account should be kept of this and compensation was to be allowed to them by the other partners for their services in managing the partnership, compensation to be agreed upon afterwards.''

The written agreement further provided that:

''In case of the death of any of the partners the firm shall continue to exist and be managed by the surviving party of said partnership, and the personal representatives of the deceased partner shall take their place in the firm.''

In 1922, Johnson R. Lunt, a trustee and partner, died. He was survived by his wife, Kittie Lunt, and the following children and heirs: Arloine Lunt McCullough, Gordon R. Lunt, and Leland Lunt.

■■■ I. The first proposition that confronts us is the contention of the appellants that the trust and the copartnership agreements must be constued together.

With this we cannot agree.

In 13 C. J., section 487, at page 529, we read:

''Where contracts or writings are in fact independent, however, they should not be considered together, although the parties may be the same, or the same subject matter may be concerned, * * *.''

And in 13 C. J., section 487, at page 530, we find:

''As a rule several instruments executed at the same time and relating to the same subject matter cannot be construed together as one contract, unless they are between the same parties, * * *.''

In Moreing v. Weber, 3 Cal. App. 14, 84 Pac. 220, 222, the California court said:

''The contract refers to this writing, specifications, for the sole purpose of showing that the grading was to be completed 'in accordance with the plans and specifications therefor.' The

rule seems so well established that it may be said to be elementary, that where, in a contract, reference is made to another writing for a particular specified purpose, such other writing becomes a part of the contract for such specified purpose only, and, therefore, this writing, known as the 'specifications,' can serve no other purpose than to furnish the plan and specifications as to how the grading should be done, and is foreign to the contract for all other purposes. Neuval v. Cowell, 36 Cal. 648.''

In the case at bar the parties as well as the purposes of the trust and copartnership agreements are not the same. The trust agreement provided for a deeding of certain real estate by the father to certain trustees for the benefit of himeslf and his heirs. The father, who executed the trust agreement, was not a party to ·the copartnership agreement, which was an agreement between the parties for the management of certain real estate, and for no other purpose. The dissolution of the copartnership will not in any way affect the trust agreement; the trust agreement stands whether the copartnership continues or is dissolved. The two are separate, distinct, written instruments, executed for different reasons, and are therefore not to be construed together.

Appellants rely greatly upon the case of Lunt Farm Company v. Hamilton, 217 Iowa 22, 250 N. W. 698, which was a certiorari proceeding in this court, growing out of the same trust and copartnership agreements. The sole question in that case was whether or not the district court had jurisdiction to set aside the dismissal of a certain action. This court did not in that case say that the two instruments became one contract, and therein pointed out that the trustor in the trust deed did not become a party to the articles of copartnership, and that therefore there were different parties to the two agreements.

II.   We come now to the more difficult question.

There doesn't seem to be a great deal of dispute between the parties as to the law in this case. It is upon the question of the application of the facts to the law that they disagree.

The copartnership agreement provided the business would be managed by Johnson R. Lunt and Walter L. Lunt for a period of fifty years, unless dissolved by mutual agreement.

In Solomon v. Kirkwood, 55 Mich. 256, 21 N. W. 336, 337, that court said:

''The right of a partner to dissolve, it is said, 'is a right

inseparably incident to every partnership. There can be no such thing as an indissoluble partnership. * * * Even where the partners covenant with each other that the partnership shall continue for several years, either partner may dissolve it the next day by proclaiming his determination for this purpose; the only consequence being that he thereby subjects himself to a claim for damages for a breach of his contract. The power given by one partner to another to make joint contracts for them both is not only a revocable power, but a man can do no act to divest himself of the capacity to revoke it.' Skinner v. Dayton, 19 Johns. [N. Y.] 513, 538 [10 Am. Dec. 286]. To the same effect are Mason v. Connell, 1 Whart. [Pa.] 381, and Slemmer's Appeal, 58 Pa. St. 155 [158, 98 Am. Dec. 248].* * *

''When one partner becomes dissatisfied there is commonly no legal policy to be subserved by compelling a continuance of the relation, and the fact that a contract will be broken by the dissolution is no argument against the right to dissolve. Most contracts may be broken at pleasure, subject, however, to responsibility in damages. And that responsibility would exist in breaking a contract of partnership as in other cases.''

In Karrick v. Hannaman, 168 U. S. 328, 18 S. Ct. 135, 138, 42 L. Ed. 484, 489, the Supreme Court of the United States said:

''Even when, by the partnership articles, they have covenanted with each other that the partnership shall continue for a certain period, the partnership may be dissolved at any time, at the will of any partner, so far as to put an end to the partnership relation and to the authority of each partner to act for all, but rendering the partner who breaks his covenant liable to an action at law for damages, as in other cases of breaches of contract. Skinner v. Dayton, 19 Johns. [N. Y.] 513, 538 [10 Am. Dec. 286]; 3 Kent, Comm. 54, 55, 62; Cape Sable Co.'s Case, 3 Bland [Md.] 606, 674; Monroe v. Conner, 15 Me. 178, 180 [32 Am. Dec. 148]; Mason v. Connell, 1 Whart. [Pa.,] 381, 388; Slemmer's Appeal, 58 Pa. 168, 176 [98 Am. Dec. 255]; Blake v. Dorgan, 1 G. Greene [Iowa] 537, 540; Solomon v. Kirkwood, 55 Mich. 256, 259, 260, 21 N. W. 336. According to the authorities just cited, the only difference, so far as concerns the right of dissolution by one partner, between a partnership for an indefinite period and one for a specified term, is this: In

the former case, the dissolution is no breach of the partnership agreement, and affords the other partner no ground of complaint. In the latter case, such a dissolution before the expiration of the time stipulated is a breach of the agreement, and, as such, to be compensated in damages; but in either case the action of one partner does actually dissolve the partnership."

In an early Iowa case this court said, in Blake v. Dorgan, 1 G. Greene 537, 540:

"It is not in the power of any court to decree a continuance of the business, pursuant to the terms of the agreement, without at the same time assuming the high prerogative of decreeing a personal reconciliation and restoration of mutual confidence. It may be doubted whether it was in the power of either party to dissolve the copartnership, its duration being fixed by covenants for a term of years. But in the case of Skinner v. Dayton, 19 Johns. [N. Y., 513], 538, Platt, J., held that a member of a copartnership fixed for a term of years by articles of covenant, had the power to dissolve the same. And the reasoning of Justice Platt is favorably commented upon by Chancellor Kent in his Commentaries, vol. iii, 55, and such is the French law; and such we believe to be the more reasonable doctrine, leaving the injured party to his remedy on the articles or covenants."

We quote from the appellants' brief as to their views of the law:

"The theory upon which a court of equity intervenes to terminate a partnership for a definite term of years, before its expiration, is that the parties themselves by a quarrelsome course of conduct and by the fomenting of discord have themselves broken the contract, and therefore, it is impossible for the partnership to proceed and a court of equity will decree its dissolution. This will not be done at the suit of parties that are in the wrong."

In the case of Green v. Kubik, 213 Iowa 763, 766, 239 N. W. 589, 590, this court said:

"Moreover, in order to warrant a dissolution in the case at bar, both parties must enter into the quarreling and bickering, * * *."

With these rules of law in mind, let us consider the record before us.

■■■ All of the parties to this action are members of the same family. The father, the owner of the land, no doubt desired that it should continue in the family long after he had passed on. In the twenty-five years that this partnership has continued there has been bickering and faultfinding by one party against the other; disagreement over the management of the property; lawsuits between the various members of the partnership. This is the second time that this partnership arrangement has been before this court. There is, we are informed, another case now pending in the district court, involving another angle of this case. Expense has been incurred in the defense of these various lawsuits. At times meetings have been held by members of the partnership. On other occasions members of the partnership refused to discuss with each other questions concerning the partnership. No good could possibly be accomplished by setting out these various quarrels between the members of the partnership. This continued until the 30th day of March, 1936. A meeting of the partnership was called to be held in the office of one of the lawyers at Oskaloosa. At that meeting a motion was made by Elba Lunt Van Gorden and seconded by Mattie Lunt Van Gorden. It consisted of fourteen various paragraphs, all of which were charges against Walter L. Lunt. We will set out but a few of the paragraphs:

"5. He (Walter) has used and kept for his own use for twelve years the entire net income from the property in his custody and under his management, consisting of seven hundred fifteen (715) acres of land, and a large amount of personal property other than the sum of $928.12 paid to each of two members of the Company in December, 1929.

"6. He (Walter) has managed and directed the business and property of the Company that it has lost money and run behind in the last five years in the total amount of $3,263.14 or on an average of $652.00 a year.

"7. He (Walter) has kept the money and credits of the Company in his own name and co-mingled them with his own personal funds."

And as a part of the said resolution it was asked that "the office of manager held by Walter Lunt be vacated and that his

authority as such be and its is hereby wholly terminated.'' Upon a vote Mattie Lunt Van Gorden voted "yes" and Elba Lunt Van Gorden voted "yes"; the other members of the partnership do not appear to have voted; at least the record does not show it. The chairman therefore ruled that the resolution was carried, and the secretary was authorized to incorporate the same in the minutes of the meeting. Some question arose as to whether or not this was a legal termination of Walter's position as manager, and as a result an action was brought against Walter to oust him. That case has not as yet been tried.

Here we have in writing an accusation that one of the parties, the manager, was using, for his own interests, the funds belonging to the partnership. The distinguished trial court said that "if the charges contained in the resolution of March 30, 1936, are true, then the partnership ought to be dissolved, because there cannot remain that trust and confidence and the fiduciary relations that ought to exist between partners; if the charges are not true, then, even more so, it ought to be dissolved; if they are partly true and partly false, there is the same result." With this we agree. It is not necessary for us to ascertain whether or not the statements are true. One cannot read this record without coming to the conclusion that for the best interests of all parties this copartnership should be dissolved. The appellants argue that there is no feeling between the parties; that it is simply a disagreement between them as to the manner in which the business should be conducted. No doubt that is the way the trouble started, but over this long period of years, almost twenty-eight, continually there have been disagreements and disputes; continually have the parties bickered back and forth over matters pertaining to this partnership. As a result there have been various court actions, including this, the second appeal in this court. There is still a case pending in the lower court as to whether or not Walter Lunt should be ousted from his position as manager of the partnership. If the partnership were to be continued it would mean a continuous procession of these people to the court room to have determined the questions that arise between them, which, due to the feeling that now exists, they are unable to settle without the aid and help of the court.

In view of such a record the lower court was right in dis-

1332

solving the partnership, and it necessarily follows that judgment and decree must be, and it is hereby, affirmed.—Affirmed.

ANDERSON, KINTZINGER, DONEGAN, RICHARDS, SAGER, and MILLER, JJ., concur.

HAMILTON, J., takes no part.