GORDON R. LUNT et al., Appellants, v. ELBA LUNT VAN GORDEN et al., Appellees.

No. 45366.

264

OCTOBER 22, 1940.

McCoy & McCoy and Thomas J. Bray, for appellants.

Stipp, Perry, Bannister & Starzinger, L. R. Carson, and Davis, McLaughlin & Hise, for appellees.

MILLER, J.—The decision to be made herein depends upon the interpretation to be given a trust deed executed and delivered January 3, 1910, whereby Henry W. Lunt, then a widower and unmarried, now deceased, conveyed in trust all of his real estate, for the purpose of making partition thereof among his children, to give them the management and control thereof by the trustees, as therein expressed, that grantor be cared for by his children and trustees in a manner becoming his station, and at his death be properly buried. The trustees named were grantor's son Johnson R. Lunt and son-in-law Cole R. Van Gorden. To them he conveyed all of his property, which consisted of four farms, one called the Woodbine Stock Farm of 395 acres, one the Duncan Farm of 120 acres, one the Gable Farm of 126 acres, and the fourth the Missouri Farm of 200 acres, totalling 841 acres in all. The conveyance in trust was for the benefit of grantor's children Johnson R. Lunt, Walter L. Lunt, Willie C. Lunt, Elba Lunt Van Gorden and Mattie Lunt Vernon. The trustees are authorized and directed as follows:

"To see that the same is properly cultivated in good and workmanlike manner during the continuance of this trust, to farm such portions thereof themselves as they may desire, and that any and all of my children shall, also, have the right to farm such portions of said real estate as they may desire with the consent and acquiescence of my said Trustees, but my said Trustees must annually during the continuation of this Trust make a report to me while I live, and to each of the other beneficiaries named herein of the proceeds from said farms; that my said Trustees shall keep up all the repairs on said farms that are

necessary to keep the same in as good condition as they now are, to pay all the expenses, such as taxes, and insurance, all from the proceeds derived from said farms, and also, provide a home for the said Henry W. Lunt with such of the beneficiaries named herein as he may select and in addition thereto to pay to the said Henry W. Lunt the sum of Five Hundred dollars ($500.00) annually, said Five Hundred ($500.00) dollars payable each and every year during the period of the life time of the said Henry W. Lunt, payable monthly at the end of each and every month in equal installments of Forty-one dollars and Sixty-six cents ($41.66) per month for the use and benefit, the care and keeping of the said Henry W. Lunt during the period of his natural life, and should it become necessary during the continuation of this trust on account of the physical infirmities of the said Henry W. Lunt, that it would require more to keep and maintain the said Henry W. Lunt in accordance with his station in life furnishing every thing that is necessary including provision, home, nursing and medical expenses of every kind and nature then from the income from said farms or properties coming into the hands of my said Trustees growing out of this Trust there shall be used for such purposes such sums in excess of said Five Hundred dollars ($500.00) per annum for the use and benefit of the said Henry W. Lunt as shall be necessary to keep, maintain, and support the said Henry W. Lunt in accordance with his station in life, which said additional sum shall be paid at such times as is necessary and for the best interest of the said Henry W. Lunt from the properties in the hands of my said Trustees. * * *

"And after paying all expenses annually as hereinbefore provided, my Trustees shall pay and divide all the incomes remaining among my said five children in equal shares, and should any of my five children depart this life before the determination of this trust then such annual net incomes shall be equally divided into five shares and the portion that should have gone to my deceased child or children, if living, shall go to their heirs or legal representatives in such proportions as is provided for by the laws of the State of Iowa."

The deed provided that none of the property could be sold without the consent of the grantor during his lifetime and not

afterwards while the trust continued without the consent of the survivors of his children, but, upon such consent being given, conveyances by the trustees should have the same force and effect as though made by the grantor before the execution of the trust. Encumbrances were permitted upon similar consent being given. The termination of such trust is provided for by the following language:

"This trust shall fully determine at the death of the last surviving child of my children named herein, but shall continue during the period of my natural life and shall terminate thereafter at any time by the mutual consent of the survivors of my children named in this Trust Deed, including my Trustees who shall be living at the time of my death or by the consent of all of my children including said Trustees."

The deed further provides:

"It is further understood and agreed by and between all parties hereto that the further consideration of this trust is, that for the use and benefit to be derived by my beneficiaries by virtue of this trust that my said beneficiaries and said Trustees further agree to pay all the endebtedness of every kind and nature which I have contracted to this date and relieve me from that responsibility and until such endebtedness is fully paid and consummated said endebtedness and the whole thereof in every form is hereby declared to be a first and prior lien upon all the lands herein described in Mahaska County, Iowa, equal to that already provided for herein for my care and keeping."

The final paragraph provides as follows: "For the mutual performance of all the conditions and agreements herein expressed we all hereunto, grantor, trustees, and beneficiaries sign our names and attach our seals, binding ourselves, heirs and legal representatives, this 3rd day of January, A. D. 1910." The instrument was executed by Henry W. Lunt, grantor, by the two trustees named therein, and by the five children named therein.

Simultaneously with the execution of the trust deed, a contract was entered into between the trustees and the bene-

ficiaries. This agreement was not signed by the grantor, Henry W. Lunt. It was described as a partnership agreement and provided in detail for the management of the property conveyed by the trust deed. It specifically provided as follows: "The actual title to the real estate belonging to the partners named herein and described in said Trustees' Deed is not included in this partnership but the income therefrom."

As above stated, the grantor, Henry W. Lunt, was a widower and unmarried at the time the trust deed was executed and delivered. He subsequently remarried and in August 1914 commenced an action in equity against the trustees and beneficiaries named in the aforesaid deed to set the same aside and establish his title in fee simple to all the property therein described, as against each and all of the defendants. In that action, the defendants filed an answer which asserted that, in addition to the consideration named in the instrument, the same was executed also in consideration of an oral contract to the effect that, if the children would stay at home and farm the land, all work together, pay off the indebtedness and improve the farms, he would convey the property to them and that the instrument was executed pursuant to such oral contract. That action, apparently, was dismissed.

Henry W. Lunt died in August 1923 leaving surviving him a widow, four of the children named in the trust deed and three children of Johnson Lunt, a deceased son. In 1936, an action was commenced to dissolve the partnership created by the contemporaneous agreement in reference to the income from the real estate conveyed in trust. The court dissolved the partnership and on appeal the decree was affirmed. Lunt v. Van Gorden, 224 Iowa 1323, 278 N. W. 631. In the course of the opinion in that case, we interpreted the trust deed and the partnership agreement holding that, although the instruments were executed at the same time, the purposes thereof were not the same, they could not be construed together and, in view of the incompatibility of the partners, the dissolution of the partnership was entirely proper, stating at page 1331 of 224 Iowa, page 635 of 278 N. W., as follows: "One cannot read this record without coming to the conclusion that for the best interests of all parties this copartnership should be dissolved."

In this action, the same incompatibility, to which we refer in the above quotation, permeates the record. However, the trust deed provided that the real estate therein conveyed should not be sold unless all of the grantor's children, living at the time, agreed. They have not agreed. The purpose of this action is to effect partition without such agreement. To accomplish this result, various propositions are asserted as follows: (1) It was the grantor's intention that the trust herein created terminate at his death; (2) the trust terminated on the death of the grantor; (3) since the deed provided for the support of the grantor, the trust which it attempted to create is void; (4) the purpose of the trust has been accomplished and this terminates it; (5) the trust is passive or dry and must be terminated; (6) the trust was abandoned by mutual agreement; (7) the trust must be deemed to have terminated within a reasonable time after the grantor's death; (8) the legal and equitable interests have merged and this terminates the trust; (9) the agreement not to partition the real estate is void; (10) the trust deed violates the rule against perpetuities. The court found in favor of the defendants and entered a decree dismissing the action, from which the plaintiffs appeal.

I. In the foregoing propositions, asserted by appellants herein, Nos. (1), (2), (7) and (10) are asserted to support the contention that the trust terminated at the death of the grantor or within a reasonable time thereafter. Since these propositions are definitely related, we will consider them together.

Proposition (10) asserts that the provision for the termination of the trust violates the rule against perpetuities, section 2901 of the Code, 1897, now section 10127 of the Code, 1939, to wit: "Every disposition of property is void which suspends the absolute power of controlling the same, for a longer period than during the lives of persons then in being, and twenty-one years thereafter." We have construed this section to the effect that it is not applicable where title vests in a trustee within the period stated in the statute. Phillips v. Harrow, 93 Iowa 92, 106, 61 N. W. 434, 438. So interpreted, the statute has no application here.

Also, the language of the deed, "This trust shall fully de-

termine at the death of the last surviving child of my children named herein," is awkward and ambiguous. Appellants contend that this postpones the determination until the death of the last grandchild. But the grandchildren have nothing to do with the determination of the trust, the instrument expressly providing as follows: "But I specifically declare that should one or more of my children be deceased at the time of my death then their heirs or legal representatives shall have no voice in determining this Trust but the same can only be determined by my surviving children with the consent of my Trustees aforesaid." Considering all of the provisions of the instrument, the court interpreted the clause in controversy as though it read as follows: "This trust shall fully determine at the death of the last surviving one of my children named herein." We are disposed to agree with the trial court. With the language so construed, the rule against perpetuities has no application. Friedmeyer v. Lynch, 226 Iowa 251, 258, 284 N. W. 160, 165.

Proposition (1) asserts that it was the grantor's intention that the trust terminate at his death. To support such interpretation, appellants rely upon the preceding oral contract which was asserted in the answer to the petition that was filed in 1914. This evidence was objected to as incompetent, attempting to vary the terms of a written instrument. The objection was sustained. The ruling was correct. Parks & Co. v. Howard Hotel Realty Co., 200 Iowa 479, 203 N. W. 247, and cases cited therein. Testimony was also offered of conversations with the grantor. Objection thereto was properly sustained under the dead man statute. Since this evidence was properly excluded, appellants' contention finds no support in the record.

Propositions (2) and (7) assert that the trust terminated by its terms upon the death of the grantor or within a reasonable time thereafter. To sustain such contentions would require us to do violence to or ignore express provisions of the deed to the contrary, hereinbefore quoted. This we cannot do.

II. Proposition (3) asserts that, since the deed provided for support of the grantor, the trust is void. The authorities, relied upon by appellants, are not in point. There is no merit in this contention.

III. Proposition (4) asserts that the purpose of the

trust has been accomplished and this terminates it. We find no merit in this contention. One of the purposes of the trust is that the grantor's children might enjoy the income from the entire trust estate under the operation thereof by the trustees. This purpose has not been accomplished.

IV. Proposition (5) asserts that the trust is dry or passive and must be terminated. This contention is answered adversely by what has been said in division III, supra.

V. Proposition (6) asserts that the trust was abandoned by mutual agreement. Appellants rely upon the contemporaneous partnership contract, construed by us in Lunt v. Van Gorden, supra. As above pointed out, this contract refers only to the income from the trust estate. It was executed pursuant to express provision of the deed, to wit: "My said children may agree among themselves with my said Trustees the manner in which the same shall be used in the way of renting and farming the same." On the former appeal, we stated (224 Iowa 1323, at page 1327, 278 N. W. 631, at page 633) as follows:

"In the case at bar the parties as well as the purposes of the trust and copartnership agreements are not the same. The trust agreement provided for a deeding of certain real estate by the father to certain trustees for the benefit of himself and his heirs. The father, who executed the trust agreement, was not a party to the copartnership agreement, which was an agreement between the parties for the management of certain real estate, and for no other purpose. The dissolution of the copartnership will not in any way affect the trust agreement; the trust agreement stands whether the copartnership continues or is dissolved. The two are separate, distinct, written instruments, executed for different reasons, and are therefore not to be construed together."

The trial court held that the language above quoted is conclusive against appellants' contention. Such holding was correct.

VI. Proposition (8) asserts that there has been a merger that terminates the trust. Johnson R. Lunt was named a trustee as well as a beneficiary. As above stated, he is now deceased, having died May 30, 1922, and, while his interest is now owned by his surviving son, the trust deed gives him no voice whatever in the matter of terminating the trust. After the death

of Johnson R. Lunt, the court appointed Walter L. Lunt as successor trustee on June 14, 1922. He is also a beneficiary under the trust deed and has two votes on the termination of the trust. These men are the plaintiffs and appellants herein.

Appellants rely upon our decision in the case of Swisher v. Swisher, 157 Iowa 55, 62, 137 N. W. 1076, 1079, wherein we state as follows:

"That a person can not hold the legal title to land in trust for his own personal benefit is a proposition which inheres in the very nature of trusts. Woodward v. James, 115 N. Y. 357 (22 N. E. 150); Tiedeman's Real Property, section 512; Mason v. Mason's Ex'rs, 2 Sandf. Ch. (N. Y.) 432; Wills v. Cooper, 25 N. J. Law, 137; Bolles v. Trust Co., 27 N. J. Eq. 308. In other words, the effect of the conveyance from Benjamin Swisher is to sink or merge the equitable right or title of A. E. Swisher in the legal estate conveyed to him by the deed, and the entire estate is vested in such grantee to the extent of his proportionate share in the property."

However, in a later decision in the case of Sherlock v. Thompson, 167 Iowa 1, 13, 148 N. W. 1035, 1039, Ann. Cas. 1917A, 1216, we state as follows:

"The union of two estates in one person does not necessarily result in a merger. The merging of two estates by their union in a single individual is purely a matter of theory. The two estates are conceived as remaining separate wherever that view is to the advantage of their holder. There is the more reason that they should be kept apart when their merger would operate to the prejudice of one who is not a party to the transaction. Williams v. Bricker, 83 Kan. 53 (109 Pac. 998, 30 L. R. A. (N. S.) 343, 346).

"At law, the rule is that, whenever a greater estate and a lesser coincide in the same person without any intermediate estate, the lesser is merged.

"In equity, the rules of law as to merger are not followed, and the doctrine of merger is not favored. Equity will prevent or permit a merger as will best subserve the purposes of justice and the actual and just intent of the parties. Wherever a merger would operate inequitably, it will be prevented. * * *

In equity, the merger will be prevented whenever necessary to protect the rights of an innocent third party, or of the person in whom the estates meet. 16 Cyc. 665, 668.

"In equity the legal rule of merger is not regarded as inflexible, and the question whether the doctrine of merger will be applied or not is determined by the intention of the party in whom the estates unite, provided that his intention shall not be enforced to perpetrate fraud or wrong. * * * The equitable doctrine has superseded the legal doctrine almost entirely at this day, for in England the equitable doctrine controls in courts of law by statute, while in many of the United States equitable remedies can be had in courts of law. (20 Am. & Eng. Enc. Law [2nd Ed.] pp. 590, 591.)

"Merger takes place when a greater and lesser estate come together in the same person, and when there is no reason for their longer existence as separate estates. The doctrine has its foundation in the convenience of the parties interested, and therefore whenever the rights of strangers, not parties to the act, that would otherwise work an extinguishment of the particular estate, require it, the two estates will still have a separate continuance in contemplation of law. Moore v. Luce, 29 Pac. 260, 263 (72 Am. Dec. 629).

"See, also, Robertson v. De Brulatour, 188 N. Y. 301 (80 N. E. 938); 16 Cyc. 665, 668; 39 Cyc. 248; Cushman v. Coleman, 92 Ga. 772 (19 S. E. 46).

"There is no merger."

It is a bit difficult to interpret the trust deed involved herein in view of the fact that this instrument was executed and delivered 30 years ago and we must approach the problem from the standpoint of the situation of the parties as it existed in 1910. At that time, the grantor had conveyed all of his real estate in trust. One of the purposes of the trust was to provide an income for himself during the balance of his lifetime and for his burial at his death. If appellants' contention in reference to merger were to be sustained, then, when this deed was executed and delivered, the grantor divested himself of all of his property and, with the provision for the trust obliterated, he was deprived of any source of income for himself, if the conveyance were to stand. Under the equitable rule

announced by us in Sherlock v. Thompson, 167 Iowa 1, 14, 148 N. W. 1035, 1039, Ann. Cas. 1917A, 1216, supra, ''Merger takes place when a greater and lesser estate come together in the same person, and when there is no reason for their longer existence as separate estates.'' There was abundant reason for holding that the doctrine of merger should not apply to the interest of Johnson R. Lunt and thereby destroy the trust created for the benefit of the grantor. Johnson R. Lunt died during the lifetime of the grantor and the court appointed Walter L. Lunt successor trustee. Since he was also a beneficiary under the trust, appellants assert that the merger of his equitable interest with legal title as trustee terminated the trust at the time of his appointment by the court. To sustain this contention would require us to hold that the court, by the act of appointing Walter L. Lunt trustee, destroyed the trust and deprived the grantor of the income which he was to receive from the trust for the balance of his lifetime. We are unwilling to attribute any such result to the action of the court.

We are also of the opinion that in disposing of this contention of appellants, we can and should consider the method whereby appellants attempted to raise the issue in the court below. It was not asserted in the petition. From a careful reading of the pleadings, the only place where it appears to have been asserted at all is in the reply. It does not appear to have been seriously asserted at the trial and in the court's opinion, that was pronounced at the close of the trial and undertook to dispose of the issues presented for determination, no reference is made to any such issue. In view of all the circumstances, we are disposed to the view and hold that there is no merit in this contention of appellants.

VII. Proposition (9) asserts that the agreement not to partition the real estate is void. The authorities upon which appellants rely to sustain this proposition are not in point. We find no merit in their contention.

By reason of the foregoing, the decree herein appealed from must be and it is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.