**William C. BERGFELD and Margaret Bergfeld, Husband and Wife, Plaintiffs–Appellants,**

v.

**FARM CREDIT BANKS OF OMAHA, Successor in Interest to Farm Credit System Assistance Board, David J. McAndrews, and Mary McAndrews Livestock, Inc., et al., Defendants–Appellees.**

No. 87–1517.

Court of Appeals of Iowa.

Feb. 23, 1989.

Peter C. Riley and Charles C. Brown, Jr., Cedar Rapids, for plaintiffs-appellants.

Theodore C. Hirt and Stephen J. Murphy III of the U.S. Dept. of Justice, Charles W. Larson, U.S. Atty., and John R. Bolton, Asst. U.S. Atty. Gen., for defendant-appellee Farm Credit System.

Stephen Nelson, Steven P. Greiner and William S. Vernon of Moyer & Bergman, Cedar Rapids, for defendant-appellee Farm Credit System.

Michael A. Stapleton, Dubuque, for defendants-appellees McAndrews.

Glenn Bartelt, Maquoketa, for defendant-appellee Maquoketa State Bank.

Joseph P. Zwack, Dubuque, for defendant-appellee Abbey.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

William and Margaret Bergfeld appeal the summary judgment entered against them in their specific performance action. We affirm.

There are no facts in dispute. The facts as agreed to by all parties are as follows: Prior to 1986, David and Mary McAndrews owned 160 acres of land. In September of 1986, as a part of a loan settlement agreement, David and Mary transferred that real estate to the Farm Credit System Capital Corporation (Capital Corporation). The loan settlement agreement provided that if Capital Corporation obtained an offer for the purchase of the 160 acres from a prospective buyer at a specific price, David and Mary McAndrews would be entitled to repurchase the land at the same price if they gave notice within ten days of their intention to purchase it, together with a down payment of 25% of the purchase price, and if they "shall thereafter consummate the purchase within thirty days after the initial period required for response...."

Plaintiffs, William and Margaret Bergfeld, made an offer to Capital Corporation to purchase the 160 acres involved for $156,000. Pursuant to the agreement, Capital Corporation gave notice of the offer to the McAndrews, and within the ten days required by the agreement, the McAndrews gave notice of their intent to repurchase the land at the price offered by Bergfelds, and paid the twenty-five percent down payment called for. Capital Corporation notified the Bergfelds that the McAndrews had given notice of their intent to repurchase the land. At the time of Bergfelds' offer, Capital Corporation notified the Bergfelds of the existence of the right of first refusal contained in the loan settlement agreement with the McAndrews. Bergfelds' offer contained the following language:

Buyers acknowledge McAndrews' first right of refusal to match offer within ten days of accepted offer and with additional 30 days to get financing.

Although the McAndrews produced a commitment from a bank that it was prepared to loan the McAndrews sufficient sums of money to close the purchase within the thirty days called for by the agreement, the transaction did not close until eight days later when the entire purchase price was paid by the McAndrews to Capital Corporation and proper deeds were delivered to convey the property to McAndrews. The delay was due to an abstracting problem which was under the control of Capital Corporation.

The Bergfelds subsequently filed suit for specific performance on their contract with Capital Corporation and claimed that because the McAndrews had not acted within the forty-day period, the right of first refusal in the original loan settlement expired. These claims were rejected on September 29, 1987, by the district court, which entered summary judgment in favor of defendants. The trial court found, as a matter of law, that Capital Corporation and the McAndrews complied with the terms of the right of first refusal agreement and were therefore entitled to summary judgment.

Where the only conflict concerns the legal consequences of undisputed underlying facts, the entry of summary judgment is proper. *City of Ankeny v. Armstrong Co., Inc.*, 353 N.W.2d 864, 867 (Iowa App. 1984).

The Bergfelds claim that the trial court erred in granting summary judgment in favor of defendants, as the Bergfeld–Capital Corporation offer and acceptance clearly intended to incorporate the terms and conditions of the McAndrews' right of first refusal contained in the McAndrews–Capital Corporation loan settlement agreement. They further claim that since the McAndrews did not properly exercise the requirements of their right of first refusal, Capital Corporation is obligated to sell the property to them.[1]

1. Defendant Capital Corporation argues that the Bergfelds lack standing to bring this action because they are essentially attempting to enforce the time limits contained in the McAndrews– Capital Corporation contract, even though the Bergfelds were neither parties to the McAndrews–Capital Corporation contract, nor intended third-party beneficiaries of that contract.

Bergfelds' threshold claim involves basic principles of contract construction. As a general rule:

> [I]n the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same contracting parties, for the same purpose, and in the course of the same transaction will be considered and construed together, since they are, in the eyes of the law, one contract or instrument.

17 Am.Jur.2d *Contracts* § 263 at 668 (1964). Furthermore,

> [W]hen instruments which are executed at the same time and relate to the same subject are treated and interpreted as one, this is done only to effectuate the intention and only where the provisions of the two instruments, if put together, will not be incompatible.

*Id.* at 670.

In the case at bar, the purchase offer and the right of first refusal were entered into at different times and between different parties, as the trial court correctly notes. *See Lunt v. Van Gorden,* 224 Iowa 1323, 1327, 278 N.W. 631, 633 (1938). While both instruments relate to the same subject matter, we believe that both contracts, when read together, are incompatible.

The issue we believe must be focused upon in this case involves the question of whether the McAndrews properly performed the conditions necessary to exercise their right of first refusal contained in the loan settlement agreement with Capital Corporation. As Capital Corporation correctly points out, the McAndrews–Capital Corporation transaction in this case involves an "option to purchase at a specified price during a specified period and a separate right to purchase after an offer is made to a third person." In our analysis of this issue, we are guided by the principles set forth in *Steele v. Northup,* 259 Iowa 443, 449–50, 143 N.W.2d 302, 306 (1966), and we must determine 1) whether the McAndrews effectively expressed an intent

and desire to exercise their option rights and 2) whether the McAndrews made tender of the amount due within the prescribed option period, and, if not, whether they were excused from doing so. 143 N.W.2d at 305–306.

It is undisputed in this matter that the McAndrews gave proper notice of their intent and desire to exercise their option rights. The McAndrews were notified on December 12, 1986, that an offer had been received on the property in question, triggering their right of first refusal. On December 19, 1986, well within their ten-day time period, the McAndrews exercised their right of first refusal and tendered to Capital Corporation a check for $39,000. When this notice was given, the option then became a contract of purchase. *See Steele,* 259 Iowa at 450, 143 N.W.2d at 306; *Figge v. Clark,* 174 N.W.2d 432, 436 (Iowa 1970).

The main point of dispute raised by the Bergfelds is whether the McAndrews subsequently complied with the provisions of the right of first refusal agreement. It is clear from the facts presented that the transaction between the McAndrews and Capital Corporation did not close within the thirty days called for by the parties' agreement. The undisputed facts show, however, that although the financing commitment letter obtained by the McAndrews left an additional $22,000 payable by the McAndrews, this commitment was acceptable to Capital Corporation. The trial court found that the closing was therefore delayed due to an abstracting problem under the control of Capital Corporation and we agree with this finding. Under the facts of this case, McAndrews' failure to complete the purchase within the thirty-day time period was thus excused by Capital Corporation's delay in furnishing the abstract, *see Steele,* 259 Iowa at 450, 143 N.W.2d at 306; *Figge,* 174 N.W.2d at 437, and was enforceable. We therefore hold that the Bergfelds' offer was unenforceable.

We fail to find any standing issue here.

The Bergfelds' suit sought specific performance of their agreement with Capital Corporation.

We affirm the trial court's summary judgment in favor of the McAndrews.

AFFIRMED.