### In re Guardianship of Thos. J. Deck.

**Guardianship:** ALLOWANCE OF ATTORNEY'S FEES. The allowance of $35 to an attorney appointed by the court to resist objections to the final report of a guardian for an incompetent, who was employed at least a day in the trial of the objections, was not excessive.

**Same:** Where a temporary guardian has been appointed, followed by a permanent appointment, the expenses of guardianship, including expenses incurred by the guardian for attorney's fees in procuring the permanent appointment, should be paid from the ward's estate, and may be allowed in the guardianship proceedings.

**Same:** EXPENSES OF ESTATE: ALLOWANCE. Where a temporary guardian has been obliged to employ counsel to get possession of his ward's property, and to maintain himself in office, he is entitled to an allowance for attorney's fees; and all expenses incurred in procuring an order for the preservation of the estate should be paid out of the estate.

**Same:** ATTORNEY'S FEES: LIEN. While in the first instance counsel are generally employed by the applicant for the appointment of a permanent guardian, still where the appointment was contested an allowance of fees may be made to the guardian, where he afterward attended to the matter, and counsel made his claim against him and not against the applicant; and the attorney has an equitable lien for his services against funds of the estate recovered or preserved through his efforts.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

WEDNESDAY, JANUARY 22, 1913.

THIS is a contest over the final report of Thos. L. Wolfe, temporary guardian of one Thos. J. Deck. Certain heirs of the ward, now deceased, filed objections to the report, but

these objections were each and all overruled, and objectors appeal.—*Affirmed.*

*F. T. Davis* and *Jamison, Smyth & Hann,* for appellants.

*E. A. Johnson,* for appellees.

DEEMER, J.—In November of the year 1908, Sarah J. Kafer, a daughter of Thos. J. Deck, filed an application for the appointment of a guardian for the said Deck and of his property. As the application was verified and prayed for the appointment of a temporary guardian, the trial judge appointed Dr. T. L. Wolfe as such guardian of the property of Deck, and, upon the said guardian's filing bond in the sum of $2,500, letters of guardianship were issued, and he commenced to serve in that capacity on the 1st day of December, 1908. He immediately took possession of the property of his ward, which consisted of eighty acres of land, worth about $12,000, and personal property amounting to something over $2,000. Trial was had upon the issue as to the appointment of a permanent guardian, and during its progress, which lasted eight days, the temporary guardian was present, giving information to counsel, securing witnesses, and looking after the case. As a result of the contest, Deck was found to be unsound of mind and incapable of looking after his property, and on March 6, 1909, Wolfe was appointed permanent guardian and duly qualified as such, giving bond in the sum of $4,000. As such permanent guardian he continued to act until August 5, 1909, when his ward died. In the meantime he had cared for the property of his ward, and upon the death of said ward he filed a final report as guardian, and in this report showed that he had something like $1,874 in cash arising out of rentals of the land, interest on a certificate of deposit, and from a collection made from one Kafer. He also charged himself with a certificate of deposit amounting to $1,500. He asked credit for $29.20 paid

to and on behalf of his ward, also an allowance of $150 for his compensation and expenses as guardian, and a further allowance of $678.10 to pay counsel for conducting the trial of the main case, leaving a balance in his hands of $1,016.98. He further asked that an allowance of $35 be made to his counsel, E. A. Johnson, as compensation for his services in preparing his final report and representing him on the hearing of the objections thereto. Some of the heirs of the deceased appeared and filed objections to the report. They expressly stated, however, that they did not object to the amount of the attorney's fees charged and claimed by the guardian, but they denied his right to any allowance therefor, and also denied the right of the guardian to compensation. The trial court allowed the attorney's fees, and also taxed in favor of E. A. Johnson a fee of $35 for representing the guardian upon the hearing on the objections to the report, and it also allowed the guardian for his services the sum of $135.80, being the amount claimed by him, less the sum of $14.20, which was taxed as witness fees in the main case in favor of the guardian. The appeal is from this order.

As the value of the services performed by the various attorneys in the main case are not in dispute, we shall have no occasion to review that matter, and the only question to be considered in this connection is whether or not the trial court had authority to allow attorney's fees in any amount to said guardian. It seems that, when objections were filed to his final report, the court appointed E. A. Johnson to appear as an attorney for the guardian in resisting the objections and sustaining the report. For these services Johnson was allowed the sum of $35, and it is now said that this allowance was excessive. The attorney was engaged at least one day on the trial of the objections, and, as the trial court was vested with considerable discretion as to the amount to be allowed, we are not prepared to say that the sum awarded should be in any manner reduced. The amount awarded the guardian

1. GUARDIANSHIP: allowance of attorneys fees.

is also challenged. No question is raised regarding his right to some compensation, but the amount allowed is said to be excessive. The record shows that the guardian was hampered and interfered with in obtaining the possession of the property of his ward; that he had to bring an action to recover some of it; that he was required to give the matter constant attention for some time on account of the pertinacity of the children of his ward, and complaints as to the way the ward was being treated; that he gave two bonds, one for $2,500 and the other for $4,000; and that he was present during the final trial and assisted in securing the witnesses. The allowance to the guardian for compensation does not appear to be so excessive as to justify our interference. The main item objected to is that for attorneys' fees in conducting the main trial, but the objection here is not to the amount, but to the right to tax any fees at all against the property of the ward. The main point, as we understand it, is that these fees should be paid by the party who instituted the proceeding and originally employed counsel, to wit, Sarah J. Kafer.

While it may be that the party instituting such an action may be held liable for attorneys' fees in the event suit **2. SAME:** fails, we think it clear that if a temporary appointment is made, and this is followed by the appointment of a permanent guardian, the expenses of the guardianship, including fees to counsel in prosecuting the action to a final conclusion, should ultimately come out of the ward's property and be charged against the funds coming into the guardian's hands. Such seems to be the rule everywhere recognized. See *In re Estate of Walker*, 150 Iowa, 284. The only difficulty in the past has been to determine whether such fees should come out of the ward's estate in the event of his death and against his administrator, or whether they should be allowed in the guardianship proceedings. In actual practice this makes but little difference, for in either case the allowance is by the same judge and in the same court. But we have recently held that such fees are properly al-

lowed in the guardianship proceedings. *In re Walker*, 150 Iowa, 284. Supplemental opinion on rehearing.

Where a temporary guardian is appointed by order of court, and as such is obliged to employ counsel to get possession of property and to maintain himself, there can be no doubt, we think, of his right to have an allowance made for attorneys'

3. SAME: expenses of estate: allowance.

fees, especially where the guardianship is made permanent, as in this case.

And all expenses incurred in securing an order for the preservation of an incompetent's estate should be paid out of that estate, for the plain reason that the court takes hold of it in order to protect it from dissipation and waste.

True, counsel are generally employed in the first instance by the applicant and compensation is awarded the applicant for expenses incurred. But as the guardian undertook to look after the matter, and counsel have made their claim against the

4. SAME: attorneys fees: lien.

guardian and have made no charge against the original applicant, no reason appears why the allowance should not be made to and in the name of the guardian, even though he did not employ counsel in the first instance.

An attorney employed in such a case doubtless has an equitable lien or claim against the funds which he, by his efforts, succeeds in securing and preserving, and it is not very material as to how this is worked out.

No error appears, and the order must in all respects be, and it is, *Affirmed.*