## IN RE WILL OF MARGARETHA JEWE.

**EXECUTORS AND ADMINISTRATORS:** Management in General—Employment of Counsel—Extraordinary Expense. An executor is under duty to defend a will *after* it is duly probated, and may employ counsel at the expense of the estate to contest an action to set aside the probate and to contest the will, even though he has already employed counsel to advise him in his ordinary duties, and

even though he is personally interested in sustaining the will; and the court should, irrespective of the amount which the executor has agreed to pay, make a reasonable allowance to the executor for such expense when it is extraordinary.   (See Book of Anno., Vol. 1, Sec. 12064; Sec. 12065, Anno. 9.)

Headnote 1: 24 C. J. pp. 100, 101, 104.

*Appeal from Pottawattamie District Court.*— THOMAS C. WHIT-MORE, Judge.

APRIL 7, 1925.

OPINION ON REHEARING MAY 7, 1926.

THE case is fully stated in the opinion.—*Reversed and remanded.*

*Preston & Dillinger,* for appellant.

*Thomas A. Cheshire,* for appellees.

STEVENS, J.—The appeal in this case is from the finding and order by the district court upon objections to the final report of the executor of the estate of Margaretha Jewe, who died testate, January 15, 1922.  The testatrix devised her estate, the appraised value of which slightly· exceeded $44,000, to her children, as follows:   To Peter $1,000; to Minnie $3,000; and to her remaining children the rest and residue, share and share alike.   The will, which was admitted to probate without objection, designated the son of the testatrix, John Jave, as executor, and he qualified as such at once.   Subsequently, Peter Jave, Minnie Jave, Barney Jave, and Emma Lebeck commenced an action in the district court of Pottawattamie County, at Avoca, to set aside the probate of the will and to contest its validity, upon the grounds that the testatrix was of unsound mind, and that John Jave and others exercised undue influence over her, thereby inducing its execution.

Although the executor had employed counsel to assist and advise him in the administration of the estate when the action to set aside the probate of the will was commenced, he, by and with the consent of his sisters, Anna Simonsen, Maggie Christen-

sen, and Leona Overton, employed Preston & Dillinger to defend the same. Upon motion of the executor and his codefendants, who are appellants herein, the names of Barney Jave and Emma Lebeck were stricken from the petition, upon the ground that their interests were not adverse to the terms of the will. Later, the remaining plaintiffs voluntarily dismissed the petition, and no trial was had thereof. The executor agreed to pay Preston & Dillinger $1,500 for their services, if they were successful in the litigation, and $1,000 if unsuccessful. Following the voluntary dismissal of this action, the executor paid the amount agreed upon, and in his final report asks credit therefor. The objections on the part of appellees to the allowance of the item are:

(a) That the executor had already employed an attorney to advise and assist him in the administration of the estate, and that the employment of Preston & Dillinger was unnecessary, and the services rendered thereby not extraordinary, within the contemplation of the statute; and (b) that the amount is unreasonable and excessive.

The court found that the amount was not unreasonable, but held that no part thereof should be charged against the shares of the objectors. The executor and the legatees who joined in the employment of Preston & Dillinger have appealed from the disallowance of the item against the interest of objectors, and they have appealed from the finding of the court that the amount agreed upon for the services and paid by the executor is not excessive or unreasonable.

Section 12065 of the Code of 1924, which is the same as the law in force when the disputed services were rendered, is as follows:

"Such further allowances as are just and reasonable may be made by the court to administrators, executors, and their attorneys for actual necessary and extraordinary expenses or services."

That services rendered to an estate by an attorney employed to defend an action brought to set aside the probate of a will and to contest the same may be extraordinary, within the meaning and contemplation of the statute, admits of no doubt. The

services ordinarily required of an attorney employed by an executor to advise and assist him in the administration of an estate, for which the maximum compensation is fixed by the statute, do not necessarily include the defense of an action to set aside the probate of a will and to contest its validity. The executor in this instance was personally interested, as a beneficiary under the will, and also, to some extent at least, in refuting the allegations of the petition that he, with others, had induced the testatrix by undue influence to execute it. It is also true that appellees could not have been benefited by the setting aside of the will, but, on the contrary, their shares would have been reduced by the increased amount that would have gone to the legatees receiving specific sums. The mere fact that the executor was personally interested in the result of the litigation does not of itself deprive him of the right to employ counsel at the expense of the estate, to render extraordinary services in behalf of such estate, or to an allowance therefor. It was the duty of the executor to defend the action and to sustain the will, after it had been once admitted to probate and he had qualified as such executor. The fact that the executor employed Preston & Dillinger, with the knowledge and consent of the other appellants, does not necessarily fix the character of the employment as personal, and not for the benefit of the estate. It is true that this court has often held that, where the contest is, in effect, between devisees only, and the estate is not otherwise interested therein, an allowance to the executor for attorney fees incurred in sustaining the effort of such devisees as are personally interested in carrying out the terms of the will, may be denied. *Kirsher v. Kirsher,* 120 Iowa 337; *In re Estate of Austin,* 194 Iowa 1217. The court was not bound to allow the full amount agreed upon between counsel and the executor. *In re Estate of Smith,* 165 Iowa 614; *In re Estate of Chismore,* 194 Iowa 300. The allowance to which the executor is entitled, and which may be charged to the estate, is the fair and reasonable value of the extraordinary services rendered, taking into consideration the character thereof, the amount and extent of the estate, and other matters proper to be considered by the court in arriving at a just estimate. *In re Estate of Carmody,* 163 Iowa 463; *In*

*re Estate of Dalton,* 183 Iowa 1013; *In re Estate of Sawyer,* 124 Iowa 485.

The executor acts in the capacity of a trustee, and the expense contemplated by Section 12065 of the Code of 1924 as extraordinary must be fixed and determined by the court, with due regard to the amount and extent of the estate and the character of the issues involved. The action to set aside the probate of the will necessitated the investigation of the facts and the marshaling of evidence touching the grounds upon which the contest was based. The evidence shows without contradiction that Preston & Dillinger devoted a great deal of time to the preparation of the case for trial, and were ready to proceed therewith when a dismissal was entered. The court below found negatively that the amount agreed upon was not unreasonable; but, as no allowance was made against appellees, and appellants were, in any event, bound for the amount agreed upon, the finding is not to be treated as final. The executor and the legatees joining with him as appellants all concurred in the employment of Preston & Dillinger to defend the action, and to the amount agreed upon. The amount paid the attorney employed in the first instance to advise the executor and assist him in the administration of the estate was but a trifle more than one half the maximum amount allowable.

The real motive on the part of appellees at the time the contest was started may have been to bring about an equal division of the estate. The testatrix, however, evidently did not desire that same be divided in this way; and it was not the part of appellees, however benevolent may have been their intentions, to attempt to defeat the will, unless there was some reasonable ground for a contest. The amount to which the executor is entitled for extraordinary expenses in the way of attorney fees must depend upon the facts of each particular case. It is the duty of the court below, in the first instance at least, to hear evidence and make such allowance as shall be just and proper. To the end that this may be done, the cause is reversed and remanded for that purpose.—*Reversed and remanded.*

All the justices concur.