## IN RE GUARDIANSHIP OF LENA BARNER.

**GUARDIAN AND WARD:** Temporary Appointment—Validity.. The
1 appointment of a temporary guardian on proper and sufficient notice to the person sought to be placed under guardianship is valid, even though the statute authorizing such appointment is silent as to notice.

**GUARDIAN AND WARD:** Compensation—Attorney Fees—Temporary
2 Guardianship. An allowance of reasonable compensation to a temporary guardian and to his attorney in conserving and caring for the estate of the ward is proper, even though no permanent guardian is appointed.

**GUARDIAN AND WARD:** Compensation—Attorney Fees in Abortive
3 Action. Attorneys employed by a temporary guardian to prosecute the main action on the issue whether a permanent guardian shall be appointed, may not be paid from the ward's estate *when the action for a permanent guardian fails*; and it matters not that the court assumed to authorize the temporary guardian to make such employment.

**Headnote 1:** 32 C. J. p. 656 (Anno.) **Headnote 2:** 32 C. J. pp. 668, 702. **Headnote 3:** 32 C. J. pp. 662, 702.

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK, Judge.

MARCH 9, 1926.

APPEAL from an order by the district court regarding an

allowance of attorneys' fees. The facts appear in the opinion.—
*Affirmed.*

*Healy, Thomas & Healy* and *Mitchell, Files & Mulholland,*
for appellants.

*J. I. Dolliver, George H. Bradshaw,* and *Price, Burnquist &
McCall,* for Lena Barner, appellee.

STEVENS, J.—On October 30, 1923, J. R. Files filed in the
office of the clerk of the district court of Webster County, Iowa,
an application for the appointment of a guardian of Lena Bar-
ner.  Mr. Files is an attorney, and we think it sufficiently ap-
pears from the record that, in filing said application for the
appointment of a guardian, he was acting at the instance of the
daughter of Lena Barner, one Lily Jensen.  The application for
the appointment of a guardian was in the usual form, and al-
leged that the said Lena Barner was a resident of Webster
County, and was a spendthrift and a person of unsound mind.
The application, in addition to asking the appointment of a
permanent guardian, prayed the appointment of a temporary
guardian.  It does not appear that an order fixing the time of
hearing on said application for the appointment of a temporary
guardian was made by the court or judge.  However, a notice
of said application was duly served upon the said Lena Barner,
fixing the time for the hearing before the court on a certain
date.  At the time so fixed, the matter came on for hearing upon
the said application for the appointment of a temporary guard-
ian, and the court then entered an order, in which the court
found that the notice of the hearing on the application for the
appointment of a temporary guardian which had been served
upon the said Lena Barner was a sufficient notice.  Upon hear-
ing the evidence, the court adjudged that a temporary guardian
should be appointed, and decreed that one Duncan be appointed
temporary guardian of the person and property of the said
Lena, and fixed the amount of his bond.  Duncan duly qualified
as such temporary guardian, and filed an inventory of the prop-
erty of his ward.  Due notice was served upon the said Lena
of the pendency of the action for the appointment of a per-

manent guardian, and that the same would come on for hearing at the January term, 1924, of the said district court. At said time, the said Lena appeared as defendant in said action, and filed an answer to the petition. She also filed a motion asking that the temporary guardian be discharged. During said term of court, the daughter, Lily Jensen, appeared, and filed a petition of intervention, and therein prayed that a permanent guardian be appointed for the said Lena. At or about said time the temporary guardian filed an application, and prayed an order of the court directing him to employ counsel, for the purpose of conducting the trial of the issues in said case, and of establishing the right to the appointment of a permanent guardian. Thereupon the court entered an order authorizing and directing "the said temporary guardian to employ counsel for the purpose of conducting the trial and presenting the issues for the plaintiff in the action now pending, wherein it is sought to establish permanent guardianship of the property of the said Lena Barner." After the entry of said order, the said temporary guardian employed M. F. Healy and M. J. Mitchell as attorneys to try the said cause, and they did appear and conduct the trial of said cause, the same occupying several days of time in the district court. The jury in said cause failed to agree, and was discharged. The case was never retried. The temporary guardian filed his report, and asked to be discharged. The report set forth the facts regarding the employment of attorneys to try the guardianship cases, and asked an order for the payment of their fees. The ward, Lena, filed objections to allowance of the items of expenditures included in said guardian's report. A hearing was had, and an order entered directing the temporary guardian to pay his own fees and those of his attorney, Mr. Files, in administering his trust, but refusing the payment of attorney fees to Messrs. Healy and Mitchell for services in trying the main action. The temporary guardian and Messrs. Healy and Mitchell appeal. The ward files a cross-appeal.

I. The ward challenges the legality of the appointment of the temporary guardian on the ground that there was no sufficient and legal notice of the hearing on the application for the appointment of a temporary guardian.

The proceedings were had under Section 3220 of the Code of 1897, and before the change in regard to notice, as now incorporated in Section 12620 of the Code of 1924. At that time, however, a notice of the hearing was essential.

1. GUARDIAN AND WARD: temporary appointment: validity.

*McKinstry v. Dewey,* 192 Iowa 753. In this case a proper and sufficient notice was duly served, and we think within proper time. Under the statute as it then stood, it was not essential that the notice of the hearing be fixed by the court or judge. The court had jurisdiction, and the appointment of the temporary guardian was valid.

II. The ward complains of the allowance of fees to the temporary guardian and for the services of his attorney in connection with the temporary guardianship. The court did not err in ordering the payment of fees for the services so rendered. The estate of the ward was conserved and cared for. The amounts allowed the temporary guardian and his attorney in connection with said matter appear to be reasonable.

2. GUARDIAN AND WARD: compensation: attorney fees: temporary guardianship.

III. The court refused to allow the temporary guardian to pay fees for attorneys employed by him to try the main case on the issue of the appointment of a permanent guardian. As before stated, the temporary guardian was authorized by order of court to employ counsel to try the case on the issue of the appointment of a permanent guardian. This was on an exparte hearing. Did the court have authority to make such an order?

3. GUARDIAN AND WARD: compensation: attorney fees in abortive action.

Appellants rely largely upon the opinion of this court in *In re Estate of Walker,* 150 Iowa 284. That case presented quite a different situation from the case at bar. It appeared in said case that a temporary guardian had been appointed. The ward joined in the application and the request for the appointment of a temporary guardian. Thereafter, the main case was tried on the question of the appointment of a permanent guardian. Two trials were had, and an appeal taken to this court; and before final determination of the question, the ward died. Thereafter, the temporary guardian filed his final report, and in said final report he asked for the allowance of certain claims, and the special administrator of the estate of the deceased ward ob-

jected thereto.  The claims were for attorneys' fees and costs incurred in the litigation growing out of the appointment of a temporary guardian.  The trial court held that, after the death of the ward, the court had no power or authority to allow claims filed in the guardianship matter, but that said filing was without any adjudication of the right of the temporary guardian to file a claim against the estate of the deceased ward.  In other words, the trial court held that the matter of the allowance of said claims was cognizable only in the administration of the estate of the deceased ward, and not in the guardianship matter after the death of the ward; and, upon appeal, we held that "all matters properly connected with the guardianship proceedings should be settled in *that* proceeding * * *."  We also said:

"The amount of the claims is not in dispute, nor is it material now to consider their validity, save that we must find that, *prima facie* at least, they were claims for allowance by someone. * * * We think a prima-facie case was made for the allowance of some of the claims, and that the trial court was in error in holding that they could only be settled in the probate court administering the estate of the deceased."

The foregoing excerpts make clear the point that was decided by this court in the *Walker* case.

Counsel for appellants lay stress upon the following statement appearing in said opinion:

"It was the duty of the temporary guardian to maintain himself in that position for the benefit of his ward's estate. * * * All reasonable costs and charges incurred should have been allowed."

The opinion is not authority for appellants' contention that a temporary guardian is entitled to recover attorneys' fees for services rendered in the trial of the main issue, involving the question as to whether or not a permanent guardian should be appointed.  It is quite obvious that there is a clear distinction between a situation where a temporary guardian, duly appointed, is called upon to maintain himself in that position for the benefit of his ward's estate, and the question of the determination upon a trial of whether or not a permanent guardian should be appointed.

The statute provides that a petition shall be filed in such

case, in which "the applicant shall be plaintiff and the other party defendant," and either party may have a trial by jury, and the petition shall be answered as in other ordinary actions, "all the rules of which shall govern, so far as applicable." Code of 1897, Section 3220 (Code of 1924, Section 12619).

A temporary guardian may be appointed. The term "temporary guardian" is apt and appropriate. The guardian so appointed is to act temporarily, pending the final determination of the question in the main case as to whether or not a permanent guardian should be appointed. The appointment of a temporary guardian does not substitute him as either plaintiff or defendant in the main action. The issue therein presented is to be tried out between the parties to the said action, and the temporary guardian is not a party to said action, nor do his duties as temporary guardian require him to take any part in the pending litigation. This presents a very different situation from one where a direct attack is made upon the appointment of a temporary guardian and it is sought to oust him from his position as such temporary guardian. In a quite accurate sense it may be said that he does not necessarily have any concern with the trial of the main action. He is neither plaintiff nor defendant therein, and as such temporary guardian, has no interest in the outcome thereof. His appointment as temporary guardian has nothing necessarily to do with the appointment of a permanent guardian, if, after trial, it should be found that such permanent guardian should be appointed. His duties are to act temporarily, under the orders of court, and when his duties as temporary guardian are performed, to file his report and be discharged.

It is quite true, as said in the *Walker* case, that it is the duty of the temporary guardian to "maintain himself" in *that* position for the benefit of his ward's estate. But to maintain himself in his position of temporary guardian in no way involves his becoming a party to the pending litigation between some plaintiff and his ward as a defendant, for the determination of the question of the appointment of a permanent guardian. If he were *ex officio* to take part in such litigation at all, it would be quite consistent that he should appear with the defendant in behalf of his ward, and resist the application for the appoint-

ment of a permanent guardian, rather than that he should join with a plaintiff in seeking to place his ward under permanent guardianship.

Section 12613, Code of 1924, makes the laws relating to guardians for minors applicable to guardians of persons of unsound mind; and one of the duties of such guardians is to "prosecute and defend for their wards * * * under proper orders of the court or a judge thereof." Section 12581, Code of 1924.

But it is quite true that, if action is instituted attempting to oust or disturb him in the performance of his duties as temporary guardian, it would be his duty, and, upon application, the court would order him, to employ counsel to maintain his position as temporary guardian. That is not the situation, however, in the case at bar.

It is true that, in making up the issues in the main case, the ward filed a motion asking for the discharge of the temporary guardian. But it satisfactorily appears from the record that no issue was joined or trial had upon this question. The trial was of the main case, on the petition filed by the plaintiff in the action and the answer filed in behalf of the ward. The temporary guardian was not seeking in any proper way to "maintain himself" in his position as temporary guardian. The order of court for the employment by him of counsel clearly shows that it had no reference to the trial of any question involving the removal of the temporary guardian as such. By its order the court "authorizes and directs the temporary guardian to employ counsel for the purpose of conducting the trial and presenting the issues *for plaintiff* in the action now pending, wherein it is sought to establish permanent guardianship over the property of said Lena Barner."

It is perfectly clear that the order directed the temporary guardian to employ counsel to present the case for the plaintiff in the main action. This was in no proper sense an order for the temporary guardian to employ counsel to enable the temporary guardian to "maintain his position" as such temporary guardian.

*In re Guardianship of Deck*, 158 Iowa 242, is relied upon by appellants. In that case the contest arose over the final

report of a temporary guardian. Upon the trial of the main case, the ward was found to be of unsound mind, and the temporary guardian was appointed permanent guardian, and continued to act until the death of the ward, and filed final report. Objections were made to the allowance of fees for attorneys employed in the trial of the main case. As in the case at bar, the value of the services performed by the attorneys in the main case was not in dispute. We said:

"While it may be that the party instituting such an action may be held liable for attorneys' fees in the event suit fails, we think it clear that, if a temporary appointment is made, and this is followed by the appointment of a permanent guardian, the expenses of the guardianship, including fees to counsel in prosecuting the action to a final conclusion, should ultimately come out of the ward's property, and be charged against the funds coming into the guardian's hands. Such seems to be the rule everywhere recognized."

It may be true that, in a case of this kind, if a permanent guardian is appointed, such permanent guardian may, as a part of the expenses of the guardianship, be allowed to pay fees to counsel for prosecuting the action to its final conclusion, and that such fees could properly be paid out of the ward's property. But in such a case, a permanent guardian is appointed, and therefore it appears that the prosecution of the main action by the plaintiff therein has in fact been for the benefit of the ward. It is on the theory that the estate of the ward is properly liable for a reasonable fee so incurred for the ward's benefit that an allowance can then be made.

An entirely different situation occurs where the action *fails,* and no guardian is appointed. As is said in the *Deck* case:

"It may be that the party instituting such an action may be held liable for attorneys' fees in the event suit fails * * *."

The *Deck* case presents an entirely different situation from one where a temporary guardian is appointed, and where counsel are employed to try the main case *"in behalf of the plaintiff"* in said action, and where the action *fails,* and no permanent guardian is appointed. In such case, neither the ward nor the ward's estate has been benefited by the prosecution and trial of the main action, and the ward's estate cannot properly

be chargeable with attorneys' fees incurred in the prosecution of such action.

In *Miller v. Paulson*, 191 Iowa 71, plaintiffs in an action of this character sought to recover for attorneys' fees incurred in the trial of an action for the appointment of a guardian. The plaintiffs were unsuccessful. We said:

"In the absence of statute conferring authority upon the court to tax the fees of plaintiffs' attorney in an action for the appointment of a guardian for a person alleged to be of unsound mind against such person, the court is without power to do so."

If the court cannot, by an order, allow fees to plaintiff's attorney in an action for the appointment of a guardian which is unsuccessful, neither can it direct a temporary guardian to employ attorneys in behalf of the plaintiff in said action, and recover fees where the action fails.

No question is raised as to the services that were rendered or the reasonable value of the same. Counsel should be paid, but we find no authority of law justifying the order that was made, by which the fees for the services rendered in behalf of the plaintiff in the main action can properly be charged against the estate of the ward, under the record presented in this case, where the plaintiff failed, and no permanent guardian was appointed.

The order and decree of the district court must be, and it is,—*Affirmed*.

DE GRAFF, C. J., and VERMILION and ALBERT, JJ., concur.