IN RE TRUST OF HENRY W. LUNT.

No. 45919.

JUNE 16, 1942.

REHEARING DENIED OCTOBER 2, 1942.

Thomas J. Bray and McCoy & McCoy, all of Oskaloosa, for appellants.

Devitt, Eichhorn & Devitt and L. R. Carson, all of Oskaloosa, and Stipp, Perry, Bannister & Starzinger, of Des Moines, for appellees.

MILLER, J.—The trust agreement, which must be construed herein, has been the subject of extensive litigation that has had the attention of this court on at least five occasions heretofore. See Lunt Farm Co. v. Hamilton, 217 Iowa 22, 250 N. W. 698; Lunt v. Van Gorden, 224 Iowa 4, 275 N. W. 579; Lunt v. Van Gorden, 224 Iowa 1323, 278 N. W. 631; Lunt v. Van Gorden,

225 Iowa 1120, 281 N. W. 743; Lunt v. Van Gorden, 229 Iowa 263, 294 N. W. 351.

The. controversy herein was provoked by an application to secure the appointment of a successor trustee, following the death of Cole R. Van Gorden, who, with Johnson R. Lunt, was named trustee in a deed of trust executed by Henry W. Lunt, now deceased, on January 3, 1910. The plaintiffs are Elba Lunt Van Gorden and Mattie Lunt Van Gorden. The defendants are Gordon R. Lunt and Walter L. Lunt. The cause was submitted and decided on the pleadings. The facts are not seriously disputed. The controversy arises from the conclusions to be drawn therefrom.

As above stated, the trust deed and agreement was executed by Henry W. Lunt on January 3, 1910, and named Cole R. Van Gorden and Johnson R. Lunt trustees thereunder. Johnson R. Lunt died May 31, 1922, and the district court appointed Walter L. Lunt trustee to succeed him on June 14, 1922. The order of appointment recited that it was made ''upon application of Henry W. Lunt, Trustor, and Cole Van Gorden, Trustee, and Elba Van Gorden, Mattie Van Gorden, William C. Lunt, Walter L. Lunt, Kittie Lunt, widow; and Leland Lunt, Arloine McCullogh and Gordon R. Lunt, children and only heirs at law of Johnson R. Lunt, deceased, Cestuis Que Trustents for the appointment of Walter L. Lunt as Trustee of Henry W. Lunt, vice Johnson R. Lunt, deceased.'' Cole R. Van Gorden, the sole surviving original trustee, died September 25, 1940, and on March 11, 1941, the plaintiffs above named filed a petition for the appointment of a successor trustee. The petition, as amended, set out the trust deed and agreement, recited the death of Johnson R. Lunt and the appointment of Walter L. Lunt as successor trustee, the death of Cole R. Van Gorden, and prayed for the appointment of a successor trustee.

On June 18, 1941, the defendants above named filed an answer in four divisions. Division I asserts a general denial of all facts not thereafter admitted or explained. Division II admits the execution of the trust deed and agreement set out in the petition, the death of Cole R. Van Gorden, the interests of the parties, and that Walter L. Lunt is the sole surviving trustee. Division III asserts that, since the trust agreement

makes no provision for the appointment of a successor trustee, the entire trust devolves upon the sole survivor; there is no vacancy to be filled; the court cannot fill a vacancy that does not exist. Division IV asserts there was a personal trust and confidence designated to the trustees that cannot be exercised by a successor or substituted trustee. The answer prayed that the petition be dismissed.

No evidence was introduced. The matter was submitted on the pleadings. On July 5, 1941, the court entered an order finding for plaintiffs, appointed E. L. Butler trustee to fill the vacancy and fixed his bond at $1,000. On July 8, 1941, the clerk issued letters of trusteeship to E. L. Butler. Defendants appeal to this court.

Appellants' first proposition asserts that the court was without jurisdiction to appoint a trustee for the reason:

"That when a trust agreement names two trustees and makes no provision for the appointment of a successor in the event one of them dies, the trust continues to exist and the execution thereof devolves upon the surviving trustee. That as long as the surviving trustee acts there is no vacancy in the trusteeship. That while a court of equity will not allow a trust to fail for want of a trustee, such court can not rightfully appoint a trustee to administer the trust until there is a vacancy in the trusteeship. That in case a trust is created and more than one trustee is named, the creator of the trust has the right to determine whether the death of one of the trustees shall create a vacancy, and in case of a vacancy, to determine in what manner it shall be filled. That no provision was made in the said trust agreement for the appointment of a successor for the said trustee, and the creator of the said trust did not intend that the death of one of the trustees should create a vacancy. That in such event, this trust devolved upon the surviving trustee, Walter L. Lunt, and there was no vacancy in the trusteeship and the trial court was without power to appoint a trustee to act for the one who died."

Appellants rely upon the case of Mullanny v. Nangle, 212 Ill. 247, 255, 72 N. E. 385, 387, wherein appears language that seems to have been paraphrased by appellants, the court stating:

"Where a testator names two trustees and makes no provision for the appointment of a successor in case one of the trustees dies, resigns or refuses to act, the entire trust devolves upon the trustee who qualifies. (Golder v. Bressler, 105 Ill. 419.) This being true, it is apparent so long as such trustee acts there is no vacancy in the trusteeship. While a court of equity will not allow a trust to fail for want of a trustee, such court cannot rightfully appoint a trustee to administer a trust until there is a vacancy in the trusteeship. * * * No provision was made for the appointment of a successor, and it is apparent the testator did not intend that the failure of one trustee to qualify should create a vacancy. In such state of case the trust devolved upon the trustee who qualified and there was no vacancy in the trusteeship, and the superior court was without power to appoint a trustee to act for the one who failed to qualify with the one who had qualified."

Appellees point out, however, that the language above quoted was immediately preceded by this statement:

"The testator, by devising the residue of his estate to his executors or to *the survivor of them,* showed that *he did not intend that there should always be two acting trustees of his estate,* otherwise, in case of the death of one of the executors appointed by him, he would not have provided that the survivor should hold in trust the remainder of his estate, but would have provided for the appointment of a successor to said trustee." (Italics supplied.)

Other authorities are cited by appellants to sustain their contentions. Appellees point out that they, too, are consistent with the rule that the intention of the creator of the trust is of paramount importance. Appellees, accordingly, emphasize that the method of appointing Walter L. Lunt, whom appellants contend should be permitted to function as sole surviving trustee, is of vital importance. He was not appointed by the trust deed. When Johnson R. Lunt died in 1922, Henry W. Lunt, the creator of the trust, was still alive. If he had intended that the death of a trustee would create no vacancy, why was a successor appointed? Also, that successor was not appointed by

amendment to the trust deed but by Honorable H. F. Wagner, upon application to him as judge of the district court by Henry W. Lunt and the beneficiaries under the trust. Here is a solemn act by all interested parties, during the lifetime of the creator of the trust, which is indeed revealing when we undertake to determine the intention of the parties to this instrument. Appellees also emphasize that the proceedings herein are in equity and a court of equity has broad powers over trusts.

In the Restatement of the Law, section 108 of Trusts, it is stated:

"If a trust is created and there is no trustee or if the trustee, or one of several trustees, ceases for any reason to be trustee, a new trustee can be appointed (a) by a proper court; or (b) by the person, if any, who by the terms of the trust is authorized to appoint a trustee."

The comment on the foregoing, in paragraphs b, d, and e, is as follows:

"If the settlor names several persons as trustees and one of them dies or is or becomes incapable of acting as trustee or disclaims or resigns or is removed, a new trustee will be appointed to take his place if the settlor manifested an intention that the number of trustees should not be diminished. In the absence of any such provision in the terms of the trust, vacancies will be filled if, but only if, it appears conducive to the proper administration of the trust to fill such vacancies; if a new trustee is not appointed, the remaining trustees can administer the trust. * * * The court in exercising its discretion in appointing a new trustee will have regard to (1) the intention of the settlor; (2) the interests and wishes of the various beneficiaries; and (3) the promotion of the proper administration of the trust. * * * The court can appoint additional trustees, and not merely fill vacancies by appointment, when the circumstances are such that the appointment of such additional trustees would be conducive to the better administration of the trust."

Many authorities could be cited in support of the foregoing principles, which are well established and whose merit is

self-evident. A review of the cases would unduly prolong this opinion. The cases differ according to their facts rather than the principles applied. Here the trust deed provided for two trustees. While no provision was made for the contingency of death of one of the trustees, such contingency arose during the lifetime of the creator of the trust. He joined with the beneficiaries in applying to the court for the appointment of a successor, clearly demonstrating his intention in the premises. The trust has been the subject of protracted litigation which we can hardly overlook or ignore. Walter L. Lunt, trustee, is also a beneficiary and has been a contentious litigant. The court had jurisdiction and power to appoint a successor to Cole R. Van Gorden, deceased, to serve with Walter L. Lunt, as trustee herein.

The only other proposition asserted by appellants is that there was a personal trust and confidence designated to the original trustees which cannot be exercised by a substituted trustee. Here, again, we are dealing with the intention of the creator of the trust and are faced with the fact that Walter L. Lunt, whom appellants assert should be recognized as sole trustee, was not appointed by the original trust deed but by order of court. If the trustor did not intend that such powers should be exercised by a trustee appointed by the court, why did he secure the appointment of a trustee by the court to exercise them? And why should a trustee, so appointed by the court, be permitted to exclude another trustee, also appointed by the court, from exercising such powers? We do not think that it is necessary to set out the record or to review the authorities. The situation herein is unusual. No decided case appears to have determined the precise question here before us. Upon well-established principles, however, we are satisfied that the contention of appellants is without merit.

The order appealed from is—Affirmed.

All JUSTICES concur.