MATTIE LUNT VAN GORDEN et al., Appellees, v. WALTER L. LUNT et al., Appellants.

No. 46426.

March 7, 1944.

Rehearing Denied May 6, 1944.

McCoy & McCoy and Thomas J. Bray, all of Oskaloosa, for Walter L. Lunt, trustee, and appellants.

Vincent Starzinger, of Des Moines, for appellees.

J. C. Eichhorn, of Oskaloosa, for Edward L. Butler, trustee.

GARFIELD, J.—This is another of several suits to come before us involving the Henry W. Lunt trust. See In re Trust of Lunt, 232 Iowa 397, 4 N. W. 2d 231, which cites the previous cases. Plaintiffs are Mattie Lunt Van Gorden and Elba Lunt Van Gorden, each the owner of a one-fifth beneficial interest in the trust. Defendants are Walter L. Lunt and Edward L. Butler, trustees, Walter L. Lunt, individually, Gordon R. Lunt, and

Willie C. Lunt. Gordon owns two-fifths and Walter the remaining one-fifth beneficial interest in the trust.

I. Count I is based on payment by plaintiffs of a deficiency judgment against the trust in favor of the Aetna Life Insurance Company. The facts are these: In March 1925, Willie C. Lunt owned a one-fifth beneficial interest in the trust. (In 1937 Gordon acquired that interest.) Willie became financially involved and in 1923 had assigned or mortgaged his interest in the trust real estate to secure his debt of $7,500 to a bank. On March 11, 1925, the trustees and the four children of Henry W. Lunt who were then living (owners of four fifths of the beneficial interest) made a note for $7,500 to the Aetna Life Insurance Company, secured by a mortgage on a farm of 126 acres known as the Gable farm, owned by the trust and occupied by Willie. Application for the loan, signed by the trustees and Willie, was made to raise funds to pay off Willie's debt to the bank. Proceeds of the loan were immediately used for that purpose. The trustees endorsed the draft from the Aetna over to the bank.

The Aetna mortgage was foreclosed. Decree of foreclosure was entered on June 21, 1937. At the execution sale on this foreclosure, the mortgagee bid in the Gable farm at $7,600 and acquired sheriff's deed thereto. A deficiency judgment was left of $2,107. The Aetna caused general execution to be issued and levied on 515 acres of trust real estate to satisfy this deficiency. The trustees had no funds with which to pay it. Cole R. Van Gorden, then one of the trustees and husband of one of the plaintiffs, asked plaintiffs to pay off the deficiency, which they did in May 1939.

On Count I, plaintiffs' prayer is that their claim for $2,389 (the $2,107, with interest and costs) be established against the trust, the trustees pay the same, plaintiffs be subrogated to the lien of the Aetna upon the lands of the trust, and the lien be established. No other relief is asked. Gordon R. Lunt contends plaintiffs are not entitled to recover because the Aetna loan was made without his knowledge or consent, the transaction was of no benefit to the trust but was for the accommodation of Willie, for whose benefit the proceeds of the loan were used. Plaintiffs rely strongly upon the adjudication in the mortgage foreclosure

as establishing the liability of the trust on the Aetna note and contend they were required to prove only that the Aetna judgment was a debt of the trust which they paid at the request of a trustee because he could not pay. The lower court granted the relief asked on Count I.

The only defendant to the mortgage foreclosure who filed answer in that suit is Gordon R. Lunt. His principal contention in that suit was that the Aetna note and mortgage were not valid obligations of the trust because not signed by him nor made with his consent. The court held, however, in the foreclosure, that under the trust agreement it was necessary that only the trustees and the living children of Henry W. sign the note and mortgage. Gordon is not a son of Henry W. but of Johnson R. Lunt, who, in turn, was a son of Henry W. In 1922 Johnson died and Gordon later acquired his interest in the trust.

Unquestionably, it was adjudicated in the foreclosure, *as between the Aetna on the one hand and the trustees and beneficiaries on the other*, that the trust was liable to the Aetna on the note and mortgage. All that was determined in the foreclosure was the liability of the mortgagors to the mortgagee. The rights of the defendants *as between themselves* were in no way involved or adjudicated. No issue was raised as between them. The trustees and the beneficiaries were coparties, not adverse parties, in that suit. Generally, a former judgment held to be res adjudicata in a subsequent suit is rendered in an action in which the parties to the subsequent suit were adverse parties and not merely coparties. While a judgment is res adjudicata as to issues between the judgment creditor and judgment debtors, it is not so as to issues which were not litigated or determined between the debtors themselves. 13 Am. Jur. 55, 56, section 60; 30 Am. Jur. 966, 967, section 233; 34 C. J. 1040, 1041, section 1478; Kemerer v. State Farm Mut. Auto. Ins. Assn., 201 Minn. 239, 276 N. W. 228, 230, 114 A. L. R. 173, and cases cited; Estate of Ryan, 157 Wis. 576, 147 N. W. 993, 994, L. R. A. 1917A, 443, Ann. Cas. 1916D, 840. See, also, First Nat. Bk. v. City of Emmetsburg, 157 Iowa 555, 569, 138 N. W. 451, L. R. A. 1915A, 982.

While perhaps this is not strictly a suit for contribution, it is of that nature. A judgment against a number of defendants

does not prevent a defendant from showing, in a subsequent action between them, that as between themselves he was not liable and therefore not bound to make contribution. 13 Am. Jur. 55, 56, section 60; annotation 101 A. L. R. 104, 120; Kennedy v. Independent Sch. Dist., 48 Iowa 189, 193; Hedges v. Mehring, 76 Ind. App. 496, 130 N. E. 423, 424. There is not such a merger of the debt in the judgment that the relation of the parties upon the issue of contribution is fixed by the judgment. 13 Am. Jur. 54, 55, section 59. Further, plaintiffs' cause of action here did not arise until they paid the deficiency judgment. 18 C. J. S. 7, section 4; 13 Am. Jur. 14, section 10; Novak v. Dupont, 112 Iowa 334, 336, 83 N. W. 1062; Hedges v. Mehring, supra. At the time of the foreclosure decree it was not even known there would be a deficiency. It can hardly be claimed here that the rights of the parties between themselves, on a cause of action which had not yet arisen, were then adjudicated.

It is our conclusion that the foreclosure decree in favor of the Aetna did not adjudicate the liability which plaintiffs now seek to enforce against the trust. If such liability does not exist independent of the foreclosure decree, it does not exist at all.

The trial court held that, even if the doctrine of res adjudicata were not available to plaintiffs, the Aetna note and mortgage were "given to secure a loan which was used for trust purposes" and that the trust is liable to plaintiffs upon Count I. We are unable to agree. True, execution of the note and mortgage by the trustees, with the consent of the living children, was authorized by the trust deed. This was determined in the foreclosure. Liability to the Aetna was thereby established. But the trustees had no right under the trust deed, as against a beneficiary who did not consent, to borrow money for the purpose of paying the individual debt of Willie. Trustees can exercise only such powers as are specifically conferred by the terms of the trust or necessary or appropriate to carry out the purposes of the trust and not forbidden by its terms. Restatement of the Law, Trusts, section 186. See, also, sections 254, 255, and comments thereunder, dealing with overpayments and loans by the trustee to one beneficiary. To sanction

an overpayment to one beneficiary out of the trust estate would result in unjust enrichment to that beneficiary. 2 Scott on Trusts, 1443, section 254.2.

It appears that at the time the Aetna note was made it was understood between the mortgagors that it was to be Willie's individual debt, because the proceeds were used for his benefit. When plaintiffs paid off the deficiency judgment they paid a debt that, as between the parties to this suit, was Willie's and not the trustees'. Plaintiffs must have had full knowledge of this fact. Plaintiffs, therefore, are not entitled to have their claim under Count I established against the trust. They ask no relief except against the trust. Whether they are entitled to relief against either trustee individually or the beneficiaries of the trust who consented to the Aetna note and mortgage and joined therein or against the interest formerly owned by Willie are questions that are not before us. It appears without dispute, however, the Aetna loan was made without the knowledge or consent of Gordon Lunt or his grantors of the balance of the one-fifth interest originally owned by his father, Johnson R. Lunt.

II. Count II is a claim for attorney's fees and expenses shown to have been incurred in defending against a partition suit in which it was sought to terminate the trust. Plaintiffs in that suit were Gordon, Walter, individually and as trustee, and Willie Lunt. Defendants were Cole R. Van Gorden, the other trustee, and the two plaintiffs in the present suit. These three employed the attorneys who defended the partition suit. That suit came before us on three occasions: Lunt v. Van Gorden, 224 Iowa 4, 275 N. W. 579; Lunt v. Van Gorden, 225 Iowa 1120, 281 N. W. 743; Lunt v. Van Gorden, 229 Iowa 263, 294 N. W. 351. Our opinions make it clear that the suit was primarily an attack upon the trust. Defendants in that suit prevailed. Plaintiffs contend the expense of defending the suit is properly chargeable to the trust. The trial court rejected the claim. We reach a contrary conclusion.

Without doubt it was the duty of Van Gorden, trustee, to resist the attack made upon the trust in the partition suit. A trustee is under duty to defend the validity and integrity of the

trust against the assault of those who seek to break it down, if he reasonably believes the attack is unjustified. 3 Bogert, Trusts and Trustees (1935), 1830, section 581; 2 Scott on Trusts (1939), 940, 941, section 178; Blackhurst v. Johnson, 8 Cir., Mo., 72 F. 2d 644, 648. See Restatement of the Law, Trusts, section 178; In re Will of Jewe, 201 Iowa 1154, 1157, 208 N. W. 723. A trustee owes a duty ''to stand his ground against unjust attack.'' Jessup v. Smith, 223 N. Y. 203, 207, 119 N. E. 403, 404 (Cardozo, J.). See, also, In re Estate of Walker, 150 Iowa 284, 289, 128 N. W. 376, 129 N. W. 952; In re Guardianship of Barner, 201 Iowa 525, 531, 207 N. W. 613.

Reasonable expense, including that in the employment of attorneys, in defending the trust against an unjustified attack is properly payable out of the trust property. 3 Bogert, Trusts and Trustees, 1830, 1832, section. 581; 2 Scott on Trusts, 1005, 1006, section 188.4; II Perry on Trusts and Trustees, Seventh Ed. (1929), 1535, 1536, 1537, section 910; In re Assignment of Cadwell's Bank, 89 Iowa 533, 542, 56 N. W. 672. See Restatement of the Law, Trusts, section 188; Heintz v. Parsons, 233 Iowa 984, 9 N. W. 2d 355, 359; In re Guardianship of Deck, 158 Iowa 242, 246, 139 N. W. 550. Somewhat analogous is the rule that it is an executor's duty to uphold the validity of a will, and, if he acts in good faith, reasonable expense in doing so, including attorney's fees, is a proper charge upon the estate. Annotations 128 A. L. R. 1002, 69 A. L. R. 1052, 10 A. L. R. 783; In re Will of Jewe, supra, and cases cited. These principles are controlling here.

It is true we have frequently held (prior to the taking effect of the present Rules of Civil Procedure) that attorney's fees are not allowable as costs in partition suits where the question of title is in controversy. Johnston v. Boothe, 234 Iowa 201, 12 N. W. 2d 176, 179, and cases cited; Kinnett v. Ritchie, 223 Iowa 543, 549, 273 N. W. 175, and cases cited. See annotation 73 A. L. R. 16, 22, 26. These decisions proceed on the theory that it would be inequitable to require one party to pay counsel's fees for services rendered his adversary in an attempt to defeat his title. There is no conflict between these holdings and the rule applicable here that expenses incurred by a trustee in defense of the trust are properly payable out of the trust estate.

Defendants also argue that the trustees were disinterested in the partition suit and had no authority to employ counsel at the expense of the estate to represent the interests of certain beneficiaries in hostility to those of others. The principle relied upon is well settled. Fleming v. Casady, 202 Iowa 1094, 1104, 211 N. W. 488; In re Estate of Hartman, 233 Iowa 405, 9 N. W. 2d 359, 364, and cases cited; annotation 49 A. L. R. 1149, 1160. But it is not true that the trustees were not interested in the outcome of the partition suit and the principle relied upon is not applicable here. As stated, the former suit was an attack upon the validity of the trust which each trustee was under a duty to defend.

Defendants contend there can be no recovery under Count II because no court order was procured authorizing Van Gorden, trustee, to defend the partition suit at the expense of the trust. Failure to procure such order is not fatal to plaintiffs' right of recovery. Expenditures of a trustee, which the court would have authorized had application therefor been made, are properly allowable. II Perry on Trusts and Trustees, Seventh Ed., 1541, section 915. This is an application of the rule that a court may approve an act of a fiduciary, if it would have authorized the act had request been made for such authorization. In re Trusteeship of Lawson, 215 Iowa 752, 244 N. W. 739, 88 A. L. R. 316; annotation 130 A. L. R. 113, 117. See, also, In re Estate of Walker, 150 Iowa 284, 289, 128 N. W. 376, 129 N. W. 952. It must be presumed here the court would have authorized the incurring of this expense had it been asked to do so.

Part of what plaintiffs seek to recover on Count II is for services rendered Van Gorden, trustee, and plaintiffs by attorneys Cross & Hamill of Newton in having set aside a default decree taken in the partition suit. The district court refused to set aside such decree. Upon appeal to this court, there was a reversal. Lunt v. Van Gorden, supra, 225 Iowa 1120, 281 N. W. 743. Plaintiffs could not recover for this expense if it arose by reason of the neglect of Van Gorden in making defense to the partition suit. 2 Scott on Trusts, 1007, section 188.6. Our opinion upon the appeal, however, makes it plain that Van Gorden, trustee, and his codefendants (plaintiffs in the present

suit) were not negligent nor otherwise to blame in the taking of the default decree against them which we set aside.

Expenses, including attorney's fees, chargeable to a trust must be reasonable. II Perry on Trusts and Trustees, Seventh Ed., 1535–1537, section 910; 2 Scott on Trusts, 1007, 1008, section 188.6; In re Estate of Manning, 134 Iowa 165, 169, 111 N. W. 409; Graham v. Dubuque Specialty Machine Works, 138 Iowa 456, 463, 114 N. W. 619, 15 L. R. A., N. S., 729; Ontjes v. MacNider, 232 Iowa 562, 12 N. W. 2d 284, 289. As to what are reasonable attorney's fees, see annotation 143 A. L. R. 672. Mr. Cross testified that his services in the partition suit were reasonably worth $718.50. Mr. Bannister testified that a reasonable charge for his services was $1,500, plus $51.80 for expense incurred, in the trial of the partition suit and upon the appeal to this court. See Lunt v. Van Gorden, supra, 229 Iowa 263, 294 N. W. 351. This trial and appeal followed our decision setting aside the previous default decree.

■ Courts are not absolutely bound by expert evidence on the value of legal services. The court itself is an expert as to what are reasonable attorney's fees. In re Estate of Chismore, 194 Iowa 300, 304, 189 N. W. 770; In re Estate of Dehner, 230 Iowa 490, 494, 298 N. W. 656, 143 A. L. R. 669; Blackhurst v. Johnson, 8 Cir., Mo., 72 F. 2d 644, 648. Under all the facts and circumstances, we think an allowance of $1,800, plus the $51.80 expense incurred, is a reasonable amount to charge against the trust under Count II.

■ III. In Count III recovery is sought for the expense of Mr. Bannister's services in "sitting in" as an observer at the trial of the Aetna foreclosure, a half day's time spent by him in arranging to have a bid made for the trustees at the execution sale on that foreclosure, his attempt to get Walter Lunt, trustee, to pay the Aetna deficiency judgment, and a half day spent by him in paying off that deficiency. Mr. Bannister testified that his total charge for these four items was $130. The lower court allowed $100, which it found to be reasonable expense in connection with making the bid at the foreclosure sale and attempting to get Walter, trustee, to pay the deficiency judgment. No recovery was allowed for the expense of "sitting in" at the Aetna trial nor for paying off the deficiency judgment. Plaintiffs do

not complain of the decision below on Count III but seek only to sustain it.

Van Gorden, trustee, feared the Gable farm would be sold at the foreclosure sale for an inadequate price. Consequently, Van Gorden's son was asked to and did attend the sale and on behalf of the trustees bid $7,500 for the farm. It is claimed this caused the Aetna to bid up to $7,600, $1,100 more than its initial bid, thereby leaving a smaller deficiency, from which the trust was benefited. The son's charge for his services was $10.

If, as we have held in Division I hereof, the amount paid by plaintiffs to satisfy the deficiency judgment is not a proper charge against the trust, the expense in connection with the Aetna foreclosure sale is not properly allowable against the trust. The same principles control both Counts I and III. As between the parties to this suit, the expense incurred for which recovery is sought on Count III and the payment of the deficiency referred to in Count I were for the benefit of Willie and not the trust.

IV. Count IV seeks recovery for attorney's fees in connection with the appointment of a trustee to succeed Van Gorden, who died in September 1940. Plaintiffs brought suit in the district court for the appointment of a successor. Walter and Gordon Lunt resisted the application. After a hearing in which Devitt & Eichhorn of Oskaloosa represented the applicants, E. L. Butler was appointed trustee to succeed Van Gorden, deceased, and to act with Walter Lunt. Devitt & Eichhorn charged and were paid $100. Walter and Gordon appealed to this court where the appointment of Butler was confirmed. In re Trust of Lunt, 232 Iowa 397, 4 N. W. 2d 231. On this claim, $600 attorney's fees (including the $100 above referred to) plus $6 expense were allowed by the trial court, on the theory that the expense was properly incurred for the benefit of the trust estate. If any recovery was proper, it cannot be said that the amount allowed is unreasonable. We think the trust was properly charged with this item.

There is little doubt that the expense incurred in securing Butler's appointment was beneficial, if, indeed, it was not necessary, to the welfare of the trust. Jessup v. Smith, supra, 223 N. Y. 203, 119 N. E. 403. Walter, a beneficiary as well as trus-

tee, has been at odds with his sisters. Apparently he is not in sympathy with the continuance of the trust. The trustor named two trustees in the trust instrument and upon the death of one joined in asking that a successor be appointed. It is perhaps the rule rather than the exception to have more than one trustee. 3 Bogert, Trusts and Trustees, 1843, section 584.

Our conclusion falls within the rule that one jointly interested with others in a common property or fund, who in good faith maintains the necessary litigation to preserve it or secure its proper administration, is entitled to be reimbursed out of the common property or fund for the reasonable cost of the litigation. Wallace v. Fiske, 8 Cir., Mo., 80 F. 2d 897, 107 A. L. R. 726, and annotation 749 [certiorari denied 298 U. S. 675, 56 S. Ct. 940, 80 L. Ed. 1397]; Hempstead v. Meadville Theological School, 286 Pa. 493, 134 A. 103, 49 A. L. R. 1145, and annotation 1149, 1151, 1161. See Ontjes v. MacNider, supra, 232 Iowa 562, 12 N. W. 2d 284, 289; Graham v. Dubuque Specialty Machine Works, supra, 138 Iowa 456, 462, 114 N. W. 619, 15 L. R. A., N. S., 729.

Our conclusion also finds support by analogy in decisions that one who succeeds in the appointment of a guardian is entitled to have his attorney's fees paid out of the ward's estate. In re Guardianship of Deck, supra, 158 Iowa 242, 245, 139 N. W. 550; In re Guardianship of Barner, supra, 201 Iowa 525, 532, 207 N. W. 613. There are similar decisions allowing attorney's fees in the appointment of receivers and administrators of decedents' estates. Annotation 49 A. L. R. 1149, 1170, 1178.

The above rule is applicable even though Walter and Gordon resisted the appointment of a successor trustee. It is the benefit conferred upon the estate that makes such a charge an equitable one, even though the beneficiaries are unable to agree among themselves. Buford v. Tobacco Growers Co-op., 4 Cir., N. C., 42 F. 2d 791; Wallace v. Fiske, supra, 8 Cir., Mo., 80 F. 2d 897, 107 A. L. R. 726, 743, 744.

Wilson v. Clayburgh, 215 Ill. 506, 74 N. E. 799, held there could not be taxed against an estate the fee of an attorney for a beneficiary who brought suit to have the resignation of the trustee named in a will accepted and a new trustee appointed.

The case is to be distinguished from ours in that the allowance was made by the lower court during the pendency of the suit and before it could be known that the service would be of benefit to the estate. The common-benefit theory seems not to have been urged or considered.

All contentions made by both sides have been fully considered.

Half the costs of this appeal are taxed to plaintiffs and half to Gordon and Walter Lunt, individually. This cause is affirmed in part, reversed in part, and remanded for a decree in harmony with this opinion.—Affirmed in part; reversed in part and remanded.

SMITH, C. J., and BLISS, OLIVER, MILLER, WENNERSTRUM, MANTZ, and MULRONEY, JJ., concur.