IN RE TRUST OF HENRY W. LUNT.

No. 46632.

MARCH 6, 1945.

Stipp, Perry, Bannister, Carpenter & Ahlers, of Des Moines, for appellants.

McCoy & McCoy, Thomas J. Bray, and J. C. Eichhorn, all of Oskaloosa, for appellees.

OLIVER, J.—This case is a sequel to Van Gorden v. Lunt, 234 Iowa 832, 13 N. W. 2d 341, which will be referred to herein as the former case or the former appeal. Walter L. Lunt, trustee of Henry W. Lunt trust, made application for order fixing and allowing fees for attorneys representing said trust and trustee in said former litigation. Ella Lunt Van Gorden and Mattie Lunt Van Gorden, each of whom owns a one-fifth beneficial interest in said trust, resisted said application and have appealed from the order and decree requiring the trustees to pay the attorneys $1,000 for such services.

The former case was instituted by appellants against appellee Walter L. Lunt, trustee, and Edward L. Butler (the other), trustee, and against Walter L. Lunt, individually, Gordon R. Lunt, and Willie C. Lunt. Gordon owns two-fifths and

Walter the remaining one-fifth beneficial interest in said trust. In the former case both sides appealed but the appellants in this case were designated appellees in the former appeal.

The attorneys engaged by the trustee in the former case represented other defendants also. In the case at bar, the trial court fixed the value of such legal services at $2,000 and found that the trust should pay one half of said amount. Appellants do not assail the adjudication that the value of the legal services was $2,000. Their complaint is that the former suit was merely a contest between the individual beneficiaries, that the legal services were rendered for the sole benefit of the individual defendants, and that the trust was not interested in the result of said suit and should not be required to pay one half of the charges of the attorneys for defending the case.

Appellants rely upon In re Estate of Leighton, 210 Iowa 913, 921, 224 N. W. 543, and various decisions cited therein. Generally speaking, the doctrine of these cases is that a contest between beneficiaries of an estate involving its distribution or the fixing of the interests or shares of the beneficiaries is a matter of indifference to the trust and the trustees may be said to be merely nominal parties, disinterested in the result, and without duty to actively participate in the contest. In re Trust of Lunt, 235 Iowa 62, 16 N. W. 2d 25, also cited by appellants, applies this doctrine. That case started with an application by the trustees for directions concerning the distribution of income to the beneficiaries. Certain beneficiaries answered asserting that the interest or share of another beneficiary should be charged with expense incurred by them in protecting said other share and that the income from such share should be applied to the payment of said charge. The owner of said share filed reply resisting said claim and the cause was tried upon the issues so raised. The decision was adverse to the owner of said other share. We reversed an order of the trial court authorizing a trustee to employ counsel to appeal from said decision, stating that the real party in interest in the appeal was the owner of the one share and that a reversal of the decision would benefit only the owner of said share and not the trust estate.

The rule of the cited cases is not applicable to the factual situation in the case at bar. The litigation in the former case

was not merely a contest between the individual beneficiaries of the trust. In said former case the plaintiffs sought to establish claims against the trust estate for expense incurred and alleged benefits conferred. As to an item of $2,389, they sought to be subrogated to a former lien of Aetna Life Insurance Company against the lands of the trust and prayed that the lien be established. They asked no relief except against the trust. This item was allowed in the former trial but was disallowed upon appeal. It is clear the establishment of this item and lien would have encumbered the trust lands and that its payment would have depleted the trust estate as a whole. That the parties seeking this recovery and lien against the trust property happened to be beneficiaries and that other beneficiaries resisted did not change the character of the action. It was the duty of the trustee to defend the trust estate against this item and the establishment of the asserted lien against the trust lands.

The other items were claims against the trust for expenses for attorneys' fees and expenses allegedly incurred in protecting its interests. One of these items was disallowed; the two larger claims were allowed in part. A trustee is under a duty to protect and preserve the trust assets and to defend actions which may result in loss to the trust, unless, under all the circumstances, it is reasonable not to make such defense. Van Gorden v. Lunt, supra, 234 Iowa 832, 13 N. W. 2d 341; 1 Restatement of the Law, Trusts, section 178; 65 C. J. 694, section 561. The result of the former litigation indicates the defense by the trustee was proper and was beneficial to the trust.

We conclude the trial court did not err in requiring the trust to bear one half of the charges of the attorneys who conducted the defense of the former case for the trustee and certain beneficiaries.—Affirmed.

All JUSTICES concur.